6ws483
170  378

# Pentland *against* Kelly.

The *levari facias* given to mechanics and material men by the 21st section of the Act of 16th June 1836 is an execution and comes within the provisions of the 6th section of the Act of 13th October 1840, relating to the appointment of a sequestrator.

ERROR to the District Court of *Allegheny* county.

This was a *scire facias* issued out of the court below by J. D. & A. Kelly, by which, after reciting that whereas J. D. & A. Kelly had filed a claim in that court against William Pentland and Mary his wife, formerly Mary Watson, for the sum of $536.81, for work and labour done in and about the erection and construction of certain houses therein described, the sheriff was commanded that he make known to William Pentland and to Andrew Watson Pentland, heir-at-law of said Mary Pentland then deceased, by William Pentland his guardian, and to all such persons as may hold or occupy said buildings, that they be and appear, &c., which writ having been duly served, and defendants having appeared in court, the cause was tried upon the pleas of "*Nul tiel record* and payment with leave," and verdict rendered for the plaintiff against the defendant William Pentland for $610.14, and for the co-defendant Andrew Watson Pentland, on which verdict judgment was entered and a *levari facias* issued. Previous, however, to the issuing of the *levari facias*, the premises were taken in execution and levied upon, and at the instance of John Harper, a lien creditor of William Pentland, the court appointed a sequestrator to sequester the rents, issues and profits of the premises, pursuant to the Act of Assembly of 13th October 1840, and a writ of sequestration issued by order of the court. This order of the court was in full force at the time the writ of *levari facias* was sued out by the plaintiffs, and at the instance of the defendant below the court granted a rule on the plaintiffs below to show cause why the *levari facias* should not be set aside, and proceedings stayed in the meantime. The court, after argument, delivered an opinion refusing to set aside the *levari facias*, and discharged the rule.

*Black*, for the plaintiff in error, referred to the Act of 28th April 1840 (*Pamp.* 474).

*Hamilton*, contra, cited *M'Kinney's Dig.* 369; 2 *Parke & Johns.* 824, *sec.* 69; 1 *Bl. Com.* 60; 5 *Watts* 490; 9 *Watts* 304; 4 *Serg. & Rawle* 401; 13 *Ib.* 256.

[Pentland v. Kelly.]

The opinion of the Court was delivered by

ROGERS, J.—In the 6th section of the Act of the 13th October 1840, it is enacted that wherever an estate for life in any improved lands or tenements yielding rents, issues and profits, shall hereafter be taken in execution, the court shall upon the application of a lien creditor, award a writ to sequester the rents, issues and profits of such estate, and appoint a sequestrator to carry the same into effect. The 7th section prescribes the duty of the sequestrator, and the 8th section gives the court the power to exact security and to compel him to the due and faithful performance of his duty. The Act is carefully guarded, highly remedial, and is calculated and was so intended by the Legislature, to protect the interest of the owner of the life estate as well as lien creditors from the ruinous sacrifices, which, it is very well known, too often result from the sale of such estates by the sheriff. The question here is whether the mechanics' lien comes within the salutary provisions of the Act, or whether such creditors are still at liberty to pursue the former method, and by a judicial and forced sale jeopard if not destroy the rights af all others who have an interest in such estate. For this exemption I see no warrant either in the letter or the general policy of the Legislature. It cannot be doubted that the *levari facias*, which is substituted for the *fi. fa.*, inquisition and *venditioni* in the case of the mechanics' lien, is an execution. It is so called by the commissioners in their report, and is process to collect the debt, and is therefore in legal as well as popular parlance an execution. An execution, in the usual legal sense of the word, is a judicial writ grounded on the judgment of the court from which it issues; and is supposed to be granted by the court at the request of the party at whose suit it is issued, to give him satisfaction on his judgment. The *levari facias* is expressly enumerated among the species of execution in *Jacob's Law Dictionary*, and is defined to be a writ of execution directed to the sheriff for levying a sum of money upon a man's lands, tenements, goods and chattels.

As the mechanics' lien is within the letter it is equally plain it is within the spirit of the act; for the sacrifice of property will be the result, whether the execution be issued by a creditor of this description or by any other creditor. It is true that a desire has been evinced to favour this class of creditors by lessening the expense and expediting their remedy; but we must take care to avoid effecting this object, although a meritorious one, by the sacrifice of every person else. They may in some cases be put to a temporary inconvenience, but as their money will be ultimately safe, they themselves will often profit by the increased price which may be obtained for the property by the sequestrator, who may choose his time for the sale and may sell it in his discretion either at a public or private sale, or may pay the debts out of the rents, issues and profits. The Act is imperative. It directs that the

[Pentland v. Kelly.]

court *shall*, on the application of lien creditors, award a writ to sequester the rents. As the Act contains no distinction as to the kind of creditor who may make the application, we do not feel inclined to make any exemptions from what apears to us a wholesome construction of the Act, by doubtful and strained inference. It is uncertain, as this case stands, whether the writ of sequestration was issued before or after the *levari*, nor is it material, as the application, which the court is bound to grant, may be made at any time before the sale. Of the provisions of this Act, which is grounded on general policy, no persons can complain, except those who are desirous of speculating on the misfortunes of their neighbours. And this it has been the object of the Legislature to prevent. The sequestrator has ample power to do right and justice to all the creditors according to the priority of their respective liens. So also, when the interest of the creditors requires it, the court may compel the sequestrator to perform his duty, of which, of course, they must be the ultimate judges. As by a change in the Act of the 28th April 1840, the lien binds only the interest of the person at whose instance the building was erected, and as in the case before us it was a life estate, it is a proper case for the appointment of a sequestrator.

Judgment reversed.