## Craig *et al. versus* Brown.
## Craig *et al. versus* Barclay.

*Justice of the peace.—Motion to quash appeal from judgment of, must be promptly made.—Appeal, an " action brought" within the rule requiring declaration to be filed within one year.—Motion to quash suspends proceedings.—A non pros. pending the motion, error.*

1. A motion to quash an appeal from the judgment of a justice for want of a United States revenue stamp on the certificate, must be made within a reasonable time : it is too late when made after the expiration of one year, and three full terms have expired.

2. An appeal from the judgment of a justice is an " action brought," within the meaning of a rule of court requiring a declaration to be filed in twelve months from the first day of the term to which it is entered.

3. But a motion to quash suspends proceedings in the case : and a judgment of *non pros.*, for want of a declaration, cannot be entered while it is pending, though the time, in which it should otherwise have been filed, has passed.

ERROR to the Common Pleas of *Armstrong county.*

These cases came into court on appeals from a justice of the peace. The defendants were the appellants. No stamp was affixed to the justice's certificate. In consequence of this, rules to strike off, or quash, were taken. One day after these rules were taken in open court, the appellants went into the prothonotary's office and *non prossed* the causes while the rules were still pending, under the following rule of court :—

" Unless a declaration be filed in twelve months from the first day of the term to which an action is brought, a *non pros.* shall be entered by the prothonotary as matter of course, unless the parties otherwise agree by writing filed."

The appeals were entered March 2d 1863 ; the rules to dismiss or quash were taken March 18th 1864. On the 15th of March

[Craig *v.* Barclay.]

1864 the *non pros.* was entered. On the 5th of June 1864 plaintiff's counsel moved for a rule to show cause why the *non pros.* should not be stricken off. June 15th 1864, this rule and the rule to quash the appeal were discharged. This writ was then sued out, and the refusal of the court to take off the *non pros.* and to quash the appeal for want of a stamp, were assigned for error.

*J. Alexander Fulton*, for plaintiff in error.

*David Barclay*, for defendant.

The opinion of the court was delivered by
STRONG, J.—These two writs of error present but one question. What is said in regard to one is therefore equally applicable to the other.

The motion to quash the appeals was not made until more than a year after they had been entered, and after three full terms had expired. It was too late, and there was no error in refusing to sustain it. In Shank *v.* Warfell, 14 S. & R. 205, it was said that a motion to dismiss an appeal, on account of a defective recognisance, is somewhat in the nature of a plea in abatement, and should be made in reasonable time, otherwise it is presumed the appellee waives all exceptions to the recognisance. The remark may be made with equal force when a motion is made to dismiss an appeal for want of a sufficient certificate to the magistrate's transcript. If the appellee will take advantage of such a defect he must be vigilant.

But the court erred in giving a judgment of *non pros.*, and in refusing to take it off on the application of the plaintiff. This is not because an appeal from the judgment of a justice of the peace is not an action within the meaning of the rule of court, and liable to be *non prossed* if a declaration be not filed within a year from the first day of the term to which it is entered. We think it is. The rules of pleading apply as well to appeals as to actions brought in court by original process, and the mischief sought to be remedied by the rule of court is quite as great in one class of cases as in the other. But the judgment of *non pros.* was entered, while the rule to show cause why the appeal should not be dismissed was pending. That rule necessarily suspended all proceedings in the case. Until it was disposed of nothing else could be done. Certainly the plaintiff could not be required to declare, for a declaration would have been a waiver of any objection to the sufficiency or regularity of the appeal.
For this reason the judgment must be reversed.

> The judgment in each case is reversed, and the record is remitted, with instructions to reinstate the appeal and proceed according to law.