# Daniel H. Lewis's Assigned Estate.    Rush Donly's Appeal.

*Life estate—Sequestration—Execution—Acts of Oct. 13, 1840, and Jan. 24, 1849—Assignment for benefit of creditors.*

Where the owner of a life estate against whom two judgments are of record makes a general assignment for the benefit of creditors, and, after the assignment, execution is issued by one of the judgment creditors for the sale of the life estate, the court will not interfere at the instance of the other judgment creditor to stop the sale and appoint a sequestrator of the life estate under acts of Oct. 13, 1840, P. L. 3 (Laws of 1841), and Jan. 24, 1849, P. L. 676, to sequester the rents. In such a case it is not in the power of the court to put the sequestrator in possession of that which is lawfully in possession of the assignee.

Argued Feb. 11, 1895.    Appeal, No. 517, Jan. T., 1894, by Rush Donley, from order of C. P. Chester Co., Oct. T., 1892, No. 7, dismissing exceptions to confirmation of sheriff's sale. Before Sterrett, C. J., McCollum, Mitchell, Dean and Fell, JJ.    Affirmed.

Exceptions to confirmation of sheriff's sale.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order dismissing exceptions to confirmation of the sheriff's sale.

*Francis C. Hooton,* for appellant, cited : Pentland v. Kelly, 6 W. & S. 483 ; In re Fulton's Est., 51 Pa. 204.

*E. H. Hall, S. D. Ramsey* with him, for appellee, cited : Gordon v. Inghram, 32 Pa. 214.

Opinion by Mr. Justice Dean, October 7, 1895 :
On the 9th of January, 1892, Daniel H. Lewis made an assignment for the benefit of creditors to Francis C. Hooton, Esq. The assigned estate consisted exclusively of a life estate of Lewis in a tract of about ninety acres of improved land in Easttown township, in Chester county.    At the date of the assignment, Landis & Erisman had a judgment duly entered of record

against Lewis; Francis C. Hooton also had a judgment against the same defendant.

On October 18, 1892, Landis & Erisman issued fi. fa. on their judgment, and on this writ the life estate was levied and condemned.  On January 16, 1893, on application by plaintiff, and proof of service on defendant, the court, on August 21, 1893, directed vend. ex. to issue for the sale of the life estate.  By writing of record dated 19th of October, 1893, Hooton assigned his judgment to Rush Donly, this appellant, who, on the 23d of October, 1893, filed a petition to the court, praying for the appointment of a sequestrator of the life estate.  The petition was heard the morning of the day on which the sheriff's sale was to be had, the 26th of October, 1893.  As the court could not, for want of time, then consider it, the hearing was suspended, with notice to petitioner that his application would be considered without prejudice on exceptions to the sheriff's sale.

The sale went on, and the life estate was sold at a fair price to Richard W. Yerkes.  Donly then filed exceptions, alleging the sale should be set aside, because the vend. ex. improvidently issued, and because the sale, under the law, should have been made by a sequestrator, whose appointment ought to have been made when petitioned for before the sale.  The court, on 12th of February, 1894, overruled the exceptions, and on February 26th, following, directed the sheriff to acknowledge his deed to the purchaser, which was accordingly done.  Donly now appeals, assigning for error the refusal of the court to appoint a sequestrator.

The 6th section of the act of 13th of October, 1840, says: " Whenever an estate for life in any improved lands or tenements, yielding rents, issues and profits, shall hereafter be taken in execution, the court shall, upon the application of a lien creditor, award a writ to sequester the rents, issues and profits of such estate and appoint a sequestrator to carry the same into effect."

The 7th section provides that the sequestrator shall have power under the direction of the court, to either rent or sell the life estate.  The 8th section confers on the court power to make all such orders, allowances and decrees in the premises, and enforce the same as fully and effectually as a court of chancery might do in a like case.

The first case in which a construction of the act was called for was Pentland v. Kelly, 6 W. & S. 483, decided in 1843. The question on which that case turned was, whether on a writ of levari facias on a mechanic's lien the plaintiff could proceed to a sale of the property bound by his lien, notwithstanding the fact that a sequestrator had taken charge of the property by appointment of the court, on application of a lien creditor. It was decided that the sequestrator must proceed to sequester the life estate under the order of the court, and proceedings on the mechanic's lien must be suspended in the meantime. This court said in that opinion : " The act is imperative.  It directs that the court shall, on the application of lien creditors, award a writ to sequester the rents.  As the act contains no distinction as to the kind of creditor who may make the application, we do not feel inclined to make any exemptions from what appears to us a wholesome construction of the act by doubtful and strained inference.  It is uncertain as this case stands, whether the writ of sequestration was issued before or after the levari facias, nor is it material, as the application which the court is bound to grant may be made at any time before sale."

This was followed by Dennison's Appeal, 1 Pa. 201, Parget v. Stambaugh, 2 Pa. 485, Snavely v. Wagner, 3 Pa. 275, all within the next three years after Pentland v. Kelly, deciding that the sale by the sheriff of a life estate on a vend. ex. passed no title whatever to the purchaser; and this, although the debtor made no objection, and no lien creditor petitioned for appointment of a sequestrator.

In view of these decisions, the act of 24th of January, 1849, was passed, which declared the true intent and meaning of the act of 1840 to be that the sale of a life estate by the sheriff was good and valid, unless a lien creditor procured the appointment of a sequestrator on or before the return day of the first writ of vend. ex., whenever the sale shall be advertised.  In 1858, Gordon v. Inghram, 32 Pa. 214, was decided.  This case held, that where there was possession in hostility to the life estate, or where the debtor claimed a fee, or where the creditor had reasonable ground to believe the debtor held the fee, the appointment of a sequestrator of a life estate was not required. That, in either case, it is to the advantage of all parties that the sheriff make the sale.

Take the case before us: Admit, as is undoubtedly held in Pentland v. Kelly, supra, that the act of 1840 is peremptory; that on the application of a lien creditor the court has no discretion, as is argued by appellant, what was there here for the act to operate on? The debtor, on the 9th of January, 1892, had made an absolute conveyance of his whole estate to his assignee; the assignee, having the legal title, must be presumed as in possession, and in receipt of the rents, issues and profits; if appointed, the sequestrator could not get these into his hands in the face of the conveyance. There was no longer a life estate in the debtor. Although his estate vested in the assignee by the voluntary act of the debtor, still, it vested lawfully, was appraised, and bond of the assignee conditioned for faithful application of it to the claims of creditors approved. It was not in the power of the court to put the sequestrator in possession of that which was lawfully in possession of the assignee. The court might, under certain circumstances, have stayed the creditors' writ, and have ordered the assignee to sell discharged of liens, and thus have reached the same result, but it could not reach such result through a sequestrator. The lien creditor reached a sale on his writ, because his lien antedated the assignment, and the deed passed the estate subject to his lien; but the moment the debtor delivered the deed, he put himself out of possession, and put the assignee in, with the right to receive the rents and profits. He was not, it is true, in the same situation as Inghram in Gordon v. Inghram, supra; there, Inghram, for nearly forty years had claimed the fee in hostility to the life estate; but, if anything, Lewis, the debtor here, is worse off; he claims, not in hostility to the life estate, but that he has irrevocably parted with it by deed to Hooton.

Nor is there any merit in this case as presented. After the assignment, the assignee filed no account of the rents; so far as appears, made no effort to sell; the judgment against the debtor, on which the application for a sequestrator was made, was in favor of the assignee, and by him assigned only a few days before to Donly, this appellant. The court below, on a full consideration of all that was urged, thought it best for all parties the sale by the sheriff should proceed. We see nothing in the peremptory terms of the act of 1840 which fits the facts of this case, and we will not, therefore, disturb the decree

prompted by the court's discretion. The decree of the court below is affirmed, and the appeal is dismissed at costs of appellant.