# John Marks *v.* David Baker, Appellant.

*Appeals—Superior Court—Security for costs—Act of June* 24, 1895, *sec.* 7, *P. L.* 212.

By the provisions of sec. 7 of the act of June 24, 1895, creating the Superior Court, in order to render an appeal from the orphans' court or common pleas effectual for any purpose or to entitle the appellant to be heard, he must at least give bail for costs as required by the statute.

*Evidence—Ejectment—Title of defendant in possession.*

Where a plaintiff in ejectment has shown the defendant's possession when the writ was issued and served, as well as at the time of the levy on the land in question under execution and its sale to the plaintiff, the deeds conveying the property to the defendant are competent evidence although unnecessary.

*Execution—Life estate—Venditioni exponas—Act of January* 24, 1849, *P. L.* 677.

The provisions of the act of January 24, 1849, which require that a venditioni exponas to sell a life estate shall only be issued by special direction of the court after notice to the defendant, apply by their terms only to life estates "yielding rents, issues and profits" such as can be subjected to sequestration. It does not apply to grants of personal privileges not transferable and purely personal.

*Ejectment—Defendant in possession—Outstanding title of others.*

A defendant who is in possession at the time of a levy and sale by the sheriff of his estate in lands is not permitted in ejectment by the purchaser at such sale to set up an outstanding title in others.

Argued May 12, 1896. Appeal, No. 30, April T., 1896, by defendant, from judgment of C. P. Armstrong Co., No. 29, June T., 1894, in favor of plaintiff. Before RICE, P. J., WILLARD, WICKHAM, REEDER, ORLADY and SMITH, JJ. Appeal quashed.

This was an ejectment for forty-nine acres of land in Armstrong county. On the trial, before RAYBURN, P. J., the plaintiff offered in evidence a deed of John George and others to David Baker, the defendant, being a quitclaim deed for the interest of the grantors. Objected to. Admitted. [1]

The defendant offered in evidence deed from David Baker, the defendant, and wife, to J. R. Wright, sufficiently quoted in the opinion of the Superior Court. Objected to. Rejected. Exception. [2]

*Errors assigned* were (1, 2) rulings on evidence above stated.

*W. D. Patton,* for appellant.

*J. H. McCain,* of *Buffington, McCain & Christy,* for appellees.

OPINION BY WICKHAM, J., July 16, 1896:

The appellee in this case moves to quash the appeal on the ground that no bail has been given by the appellant to secure the payment of the costs. Section 7 of the act of June 24, 1895, P. L. 212, creating the Superior Court, provides, that in order to perfect an appeal, and at the same time make it a supersedeas, bail must be given conditioned for the payment of the costs, and also, " whatever judgment or decree may be entered against the appellant, either by the Superior Court or the Supreme Court."

Then follows this provision as to appeals, wherein the appellant does not see fit to go further than to secure the payment of costs : " An appeal from the common pleas or orphans' court may also be taken without the entry of bail, except for costs, as above provided, if the party appealing or his agent or attorney, files with the prothonotary or clerk of the orphans' court an affidavit stating his desire to appeal, and that he does not appeal for the purpose of delay, but because he firmly believes that he has suffered injustice by the judgment, order or decree from which he desires to appeal. The filing of the affidavit and the entry of bail for costs perfects such an appeal, but such an appeal shall only be a supersedeas if the Superior Court, or one of the judges thereof, shall specially so order."

The act, it will be seen, explicitly defines and prescribes what shall be done to make the appeal complete. It follows, necessarily, that until the statutory requirements are fully complied with the proceeding is imperfect and inchoate. There is a marked difference between the language quoted and that of the act of June 16, 1836, P. L. 72, regarding appeals to the Supreme Court. The latter act merely provides that the writ of error shall not operate to stay execution, unless the required bail is given, thus leaving the common law otherwise unchanged. The Superior Court act, however, evidently contemplates that in order to render the appeal effectual for any purpose, the costs, at least, must be secured.

We are clearly of the opinion that no appellant is entitled to be heard here on an appeal from the orphans' court or common pleas unless he has given bail for costs as required by the statute.

We may add, that an examination of the record satisfies us that the appeal, even if regularly taken, is without merit. The appellee, who was the plaintiff in the court below, having a judgment against Baker, the appellant, levied upon the latter's interest in a tract of land which had been in his, the defendant's, possession, for thirty or forty years. After inquisition and condemnation a venditioni exponas was issued and the land sold, the plaintiff being the purchaser. At the trial the plaintiff offered in evidence certain conveyances, with a view to show the defendant's title. The admission of these deeds in evidence is complained of in the first assignment of error. This evidence was entirely superfluous and neither helped the plaintiff, nor harmed the defendant. The plaintiff having shown the defendant in possession when the writ was issued and served, as well as at the time of the levy and sale, and having also established his title as vendee at the sheriff's sale, might well have rested; he was entitled to step into the shoes of the defendant and to take from the latter his possession and possessory rights : Young v. Algeo, 3 W. 223; Drake v. Brown, 68 Pa. 223; Birkbeck v. Kelly, 19 W. N. C. 422 (not reported in the regular reports) ; Gill v. Weston, 110 Pa. 305. The admission of the deeds could not, therefore, under any circumstances, have amounted to reversible error, but we are satisfied that they were competent evidence, reinforced, as they were, by testimony as to possession and pedigree.

Nor was there error in rejecting the deed of Baker and wife to J. R. Wright, offered in evidence by the defendant. The clause in this conveyance relied on by the appellant to sustain his theory that he had retained a life estate in the land in suit, and that therefore the sheriff's sale was void, for noncompliance with the act of January 24, 1849, P. L. 677, reads as follows :

"Whereas the said party of the second part agrees that the parties of the first part shall live on said tract of land the remaining part of their life, the same to be controlled by the party of the second part." The act of 1849, which requires that the venditioni exponas shall only issue by special direction of the

court, and after ten days' notice to the defendant, applies, by its terms, only to a life estate, " yielding rents, issues and profits," such as can be subjected to sequestration and not to a nondescript interest like the one under consideration, which is purely personal to the Bakers, not transferable, indefinite save as to time and otherwise lacking in the essentials of a true life estate. The case was governed, therefore, by the general rule, which prevents the defendant, who was in possession at the time of levy and sale, from setting up an outstanding title against the purchaser at the sheriff's sale. This well known rule hardly needs the citation of authorities in its support. Among the cases where it has been either applied or fully recognized are the following : Young v. Algeo, supra ; Snavely v. Wagner, 3 Pa. 275 ; Wetherill v. Curry, 2 Phila. 98 ; Yost v. Brown, 126 Pa. 92.

Under the evidence, the court did right in directing a verdict for the plaintiff.

Appeal quashed.