Alexander McN. Page and Jessie W. Page, trading as
  Alexander Page & Brother, v. The J. C. McNaughton
  Company, Appellants.

*Practice, Superior Ct.—Appeal quashed for want of bail.*

An appeal to the Superior Court must be taken and perfected within
three calendar months. An appeal is perfected when the prescribed affi-
davit has been filed and bail has been given for costs. The court cannot
relieve from the statutory duty to give bail for costs.

Where no attempt to give bail was made within the three months after
the judgment the appeal will be quashed when the motion is made at the
first opportunity.

Argued Oct. 13, 1896. Appeal, No. 88, Nov. T., 1896, by
defendants, from judgment of C. P. N. 1, Phila. Co., March T.,
1896, No. 587, in favor of plaintiff for want of a sufficient affi-
davit of defense. Before RICE, P. J., WILLARD, BEAVER,
REEDER, ORLADY and SMITH, JJ. Appeal quashed.

Assumpsit to recover the price of nineteen carloads of lumber. Judgment for want of a sufficient affidavit of defense. Damages assessed for $954.01.

It appeared from the record that no bail for costs was given in this case and a rule to quash was filed.

*Error assigned* was, making absolute the rule on defendants to show cause why judgment should not be entered for want of a sufficient affidavit of defense.

*William C. Wilson* and *David H. Stone,* for appellants.

*Theo. B. Stork,* with him *R. J. Monaghan* and *William D. Neilson,* for appellee.—The act of June 24, 1895, P. L. 212, section 7, expressly provides that such bail shall be given.

This question is not open for argument. This court, in an opinion delivered July 16, 1896, has squarely decided the question. In the opinion, by WICKHAM, J., it was said:

" The Superior Court act, however, evidently contemplates that in order to render the appeal effectual for any purpose the costs at least must be secured.

" We are clearly of the opinion that no appellant is entitled to be heard here on an appeal from the orphans' court or common pleas unless he has given bail for costs as required by the statute:" Marks v. Baker, 2 Pa. Superior Ct. 167.

The act of March 15, 1847, section 1 (P. L. 361), provides that " when any corporation (municipal corporations excepted), being sued, shall appeal or take a writ of error, the bail requisite in that case shall be taken absolute for the payment of debt, interest, and costs, on the affirmance of the judgment." Although doubts have been suggested in the lower courts as to whether this act applies to appeals from the awards of arbitrators (Erhard v. Coal Co., 5 Dist. Reps. 611), none has been made that it applies to all other appeals by corporations. Its provisions have not been attempted to be complied with in this case.

The Supreme Court has said as to the conditions precedent to the allowance of an appeal that " they cannot disregard the regulations of the law, . . . . the court cannot dispense with any of the prescribed terms:" Donaldson v. Cunningham, 13

S. & R. 243. They have held that an appeal from the award of arbitrators must be stricken off if the affidavit does not exactly comply with provisions of the act of assembly: Dale v. Elder, 22 W. N. 59.

The provisions of the act of June 24, 1885, allowing an appeal without the payment of costs where an affidavit of inability through poverty is filed, does not relieve the appellant from the necessity of giving bail on the appeal: Davison v. Good Will Co., 4 Dist. Reps. 237.

PER CURIAM, November 9, 1896:

" An appeal to the Superior Court must be taken and perfected within three calendar months from the date when the judgment, sentence, order or decree appealed from was entered in the court below, otherwise the appeal shall be quashed on motion ; " Act of June 24, 1895, P. L. 218, sec. 8. An appeal is perfected when the prescribed affidavit has been filed and bail has been given for costs, but to operate as a supersedeas a bond must be filed conditioned to pay, not only the costs, but also whatever judgment or decree may be entered against the appellant, either in the Superior Court or the Supreme Court. This court or one of the judges thereof may, by special order, make an appeal a supersedeas without the giving of bail for the debt, but cannot relieve from the statutory duty to give bail for costs. To render the appeal effectual for any purpose the costs at least must be secured: Marks v. Baker, 2 Pa. Superior Ct. 167.

This is not the case of a defective recognizance but of a total failure to comply with a statutory condition precedent. No attempt to give bail was made within three months after the judgment was entered, and the motion to quash was made at the first opportunity. This being the case, excepting in the court below to the sufficiency of the bail entered after the expiration of the three months was not, of itself, a waiver of the objection that the appeal was not perfected within the statutory period.

Appeal quashed.