# Benjamin Irwin, Assignee, Appellant, *v.* James F. Hanthorn and Ellen Hanthorn.

*Practice, Superior Court—Appeals—Sufficiency of bail.*

Under the act of 1895 an appeal to the Superior Court was not effectual unless bail for the costs of the appeal be given, and an appeal was dismissed where the judge of the court below, on exception taken to the sufficiency of the bail bond, made the following order: "After hearing I decline to approve within bond, because not signed by the plaintiff, and the insufficiency of the security offered."

*Appeal—Practice, C. P.—Execution for costs.*

An appeal will not be sustained assigning error in an execution for costs based on the assumption that they had not been taxed by the prothonotary where the record of the proceedings prior to the execution has neither been printed nor brought up, and where there is no allegation that the appellant filed exceptions or made any effort to have the legality of the costs adjudicated in the regular way.

*Costs—Taxation—Practice, C. P.*

Conceding that the court has the inherent power to determine in a summary way the legality of costs, the orderly and usual method of invoking the exercise of the power is by filing exception, entering a rule to have the costs taxed or retaxed before the prothonotary, and appealing from his decision to the court of common pleas.

Argued Nov. 19, 1897. Appeal, No. 170, Nov. T., 1896, by plaintiff, from order of C. P. Chester Co., Aug. T., 1896, No. 102, to set aside execution issued for costs. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to set aside execution for costs. Before HEMPHILL, J.

It appears from the record that a judgment of compulsory nonsuit was entered against the plaintiff in this case in 1895, and was subsequently affirmed by the Superior Court in 1896 (see Irwin v. Hanthorn, 1 Pa. Superior Ct. 149). An execu-

tion was subsequently issued for sheriff's and prothonotary's fees and costs. This rule was discharged in an opinion by HEMP-HILL, J., as follows:

This is a rule to show cause why the above execution issued for costs, shall not be set aside, because the same have never been taxed by the prothonotary. An inspection of the record shows that the execution was issued, not strictly speaking, for costs but for fees, the amount being made up of officers' fees and verdict and judgment fees.

"Costs," says Mr. Justice GIBSON, in Musser v. Good, 11 S. & R. 248, "are an allowance to a party for expenses incurred in conducting his suit; fees are a compensation to an officer for services rendered in the progress of the cause."

See also Howard Asso. v. Phila. & Reading R. R. Co., 102 Pa. 220. The former are party costs and require taxation; but the latter being officers' fees or record costs, do not. That party costs alone require taxation is apparent from our rule of court, relative to taxation of costs, which provides that "the affidavit of the party or other person to the correctness of the bill and the attendance and materiality of the witnesses, shall be annexed and shall be good prima facie evidence to the taxing officer." There being no party bill of costs filed in this case there was nothing for the prothonotary to tax, and the rule is therefore dismissed.

### ORDER OF COURT ON BACK OF BOND.

October 21, 1896, after hearing, I decline to approve within bond because not signed by plaintiff, and the insufficiency of the surety offered.

*Errors assigned* were (1) In awarding the executions in this case. (2) In refusing to set aside the execution of No. 102, August term, 1896, issued for costs. (3) In its opinion filed in deciding that it was not necessary to tax officers' fees in a suit in court. (4) In its order of October 21, 1896, made on the back of the bond on appeal, said order being as follows: "After hearing I decline to approve within bond because not signed by plaintiff, and the insufficiency of the surety offered." (5) In not allowing the appellant a reasonable time in which to either have the surety justify or procure additional sureties.

*W. S. Harris*, for appellant.

*J. Frank E. Hause*, for appellee.

PER CURIAM, December 13, 1897:

A scire facias sur mortgage was issued by the plaintiff against the defendants and upon the trial of the issue a verdict was rendered for the defendants. The plaintiff appealed to this court from the judgment entered thereon, and the judgment of the court below was affirmed (1 Pa. Superior Ct. 149). A fi. fa. was afterwards issued to collect the costs. Upon the plaintiff's petition alleging "that the costs in said case have never been taxed or the amount due ascertained by any process of law whatever" the court granted a rule to show cause why the execution should not be set aside. From the order discharging this rule the present appeal was taken on October 16, 1896.

The defendants excepted to the sufficiency of the bail on the appeal bond, and on October 21, 1896, a judge of the court below made the following order: "After hearing, I decline to approve within bond because not signed by the plaintiff, and the insufficiency of the surety offered." The effect of this order was to leave the appeal in the same condition as if no bail had been entered; and under the Act of June 24, 1895, P. L. 212, an appeal to this court was not effectual for any purpose unless bail for costs of the appeal was given: Marks v. Baker, 2 Pa. Superior Ct. 167; Page v. McNaughton, 2 Pa. Superior Ct. 519. Doubtless the court might, and perhaps ought to have permitted the plaintiff to enter new bail within a reasonable time after the original bail was adjudged insufficient, if proper application had been made; but the record brought up to us fails to show that such application was made, or that a new bond was filed or tendered; and, of course we must be guided by the record.

Even if the motion to quash were not to prevail we would be unable to sustain the assignments of error. The complaint is, that the execution for costs was improvidently issued, because, as we are asked to assume, they had not been taxed by the prothonotary. But whether or not there was such taxation of them, as, in the absence of exception and appeal from the

prothonotary's action, would be sufficient to support the execution, and whether or not the costs taxed were specifically such as the law allows are questions which a court of error cannot decide without having before it the record of the proceedings prior to the issuing of execution. This has neither been printed nor brought up; all that we have before us are the execution docket entries, the executions and what follows. These are not sufficient to show the error complained of. Furthermore the plaintiff does not allege in his affidavit that he filed any exceptions to the fees charged by the sheriff and prothonotary (for the collection of which the execution issued) or that they were illegal, or that he had made any effort to have their legality adjudicated in the regular way. Conceding that the court possesses the inherent power to determine in a summary way the legality of such charges, as well as the party's bill of costs, the orderly and usual mode of invoking the exercise of the power is by filing exceptions, entering a rule to have the costs taxed or retaxed before the prothonotary, and appealing from his decision to the court of common pleas. The plaintiff does not claim that he attempted to pursue this course; and in the absence of specific exceptions to the fees charged or averment in his affidavit that they were illegal or excessive, the court committed no error in refusing to set aside the execution.

Appeal dismissed at the cost of the appellant.