# Edelman, Appellant, *v.* Moser.

*Justice of the peace—Appeals—Defects in record—Laches—Waiver—Nonsuit.*

Where the transcript of an appeal from a justice of the peace bears no certificate of the justice, and the affidavit made by the defendant is not accompanied by the jurat of the justice, the plaintiff cannot after the expiration of almost a year, object to such defects when the case is called for trial.

Where a rule of court provides that all motions to set aside a nonsuit shall be made and filed within five days after the trial, the plaintiff cannot ask, after the expiration of six months from the trial, to have the nonsuit set aside.

Argued Dec. 8, 1914. Appeal, No. 86, Oct. T., 1914, by plaintiff, from order of C. P. Northampton Co., Dec. T., 1912, No. 7, refusing to take off nonsuit in case of Andrew Edelman v. William H. Moser. Before RICE,

P. J., Orlady, Head, Kephart and Trexler, JJ. Affirmed.

Trespass in trover and conversion for the value of one horse, one lot of hay and buffalo robe. Before Stewart, J.

From the record it appeared that the case originated before a justice of the peace, and was taken into the Common Pleas by a transcript of appeal.

The transcript was filed Nov. 15, 1912. The case was called for trial on October 23, 1913.

At the trial the following motion was made: Mr. Seip.—Plaintiff moves to strike off the appeal for the reason that there is nothing in court to show that an appeal was taken, nothing appears upon what is offered as a transcript that any appeal was taken by the defendant; what appears upon the paper purporting to be the transcript as the affidavit of the appellant is defective in that no jurat is added; and the recognizance is defective in that it does not appear that the recognizance was taken before the alderman or justice of the peace before whom the case was heard, or before any one else, and that it does not bind the obligor either to costs, interest, debt, or anything else, and that there does not appear upon the transcript any certificate or certification of the proceedings over the hand and seal of the justice of the peace or alderman, whoever may have handled it, to the effect that the proceeding as on that paper contained is the whole proceeding on his docket.

The Court.—The motion of the plaintiff to dismiss on the ground that the justice of the peace has not certified to the correctness of the record is denied, because the transcript was filed November 15, 1912, and nothing was done by the plaintiff in the suit before the justice to have it stricken off until the case was on this week's trial list, and we think the application is too late. 48 Pa. 202, 81 Pa. 411. Plaintiff excepts and bill sealed. (1, 2, 3.)

The defendant moved for a compulsory nonsuit on the

637, (1915).] Assignment of Errors—Opinion of the Court.

ground that no demand had been made for the goods. The motion was granted.

*Errors assigned* were (1, 2, 3) refusal to strike off appeal; (5) refusal to strike off nonsuit.

*Asher Seip,* for appellant.—The appeal should have been stricken off: Weaver v. Russel, 16 Pa. C. C. R. 428; Harris v. Philadelphia Traction. Co., 180 Pa. 184; Connell v. O'Neill, 154 Pa. 582; Platt-Barber Co. v. Groves, 193 Pa. 475; Real Estate Trust Co. v. Pennsylvania Sugar Refining Co., 239 Pa. 456; Neely v. Fell, 14 Dis. Rep. 686; Sturtevant v. Frazer, 14 Dist. Rep. 448.

*John D. Hoffman,* for appellee, cited: Craig v. Barclay, 48 Pa. 202; Cochran v. Parker, 6 S. & R. 549; Wilson v. Kelly, 81 Pa. 411.

OPINION BY TREXLER, J., October 11, 1915:

The transcript of appeal from the alderman to the Common Pleas bore no certificate of the justice and the affidavit made by the defendant was not accompanied by the jurat of the alderman. No objection however was made to these defects by the plaintiff until the case was called for trial after the expiration of almost a year. The question therefore for us to consider is not whether such certificate and jurat are required, but whether by his delay in raising the question, the plaintiff has waived his right to object. In Wilson v. Kelly, 81 Pa. 411, cited by the lower court, it was held that the omission to make the affidavit to an award was fatal, but if the objection was not made in time, the appellee was supposed to have waived the irregularity. In that case the delay was from March to November and two terms of court had intervened. The court held that the appellee had by his delay encouraged the appellant to incur expenses in the preparation for trial and had induced the plaintiff by his act of omission to believe that all irregularity was waived. The objection in that case as in this was made

when the parties were ready for trial. In Craig v. Brown, 48 Pa. 202, the omission to attach a revenue stamp could not be taken advantage of in an appeal from a justice unless within a reasonable time. It was too late after the expiration of a year. In Com. v. Crum Lynne Iron & Steel Co., 27 Pa. Superior Ct. 508, an objection that the appeal from a tax assessment was taken too late was overruled because the defendant had failed to raise the objection before the plaintiff had filed his statement and taken a rule for judgment for want of a sufficient affidavit of defense. In the case before us, although the transcript was filed November 15, 1912, nothing was done to call the matter to the attention of the court until the case was called for trial on October 22, 1913.

The courts are loath to allow any suitor to hold an objection in reserve and wait until the opportune moment presents itself and then urge it to the greater damage of his adversary. Matters merely in abatement or suspension of the action or denial of the status of the suitor should be made before the case is ready for trial on the merits. We, of course, do not decide that an omission to certify to the record or to attest the affidavit would or would not be proper ground for objection to the appeal if made within a reasonable time, but by his delay the appellee has waived his right to object.

The other matter raised is that the court erred in not taking off the nonsuit. The action was one of trover and conversion. The reason given for the entry of the nonsuit was that the plaintiff failed to make a demand prior to bringing suit. The nonsuit was entered October 23, 1913. A motion to take it off was made April 14, 1914. The rules of court of Northampton County provide that all motions to set aside a nonsuit, with the reasons therefor, shall be made and filed five days after verdict and shall be delivered to the trial judge together with a brief in support of the motion not later than the second Monday after the trial. There is nothing unreason-

able in such a rule. It is certainly desirable that the question as to whether the act of the court in entering the nonsuit shall be regarded as a finality or become the occasion of further argument should be settled within a reasonable time. In the face of such a rule to wait almost six months is inexcusable. As was stated in Harvey v. Pollock, 148 Pa. 534, the application to take off a nonsuit should be made within the proper time. When the plaintiff allowed the nonsuit to stand for the length of time above indicated and upon application to take it off presented no reasons for asking the grace of the court to relieve him from the application of the rule of court, he was not entitled as a matter of right to have his motion granted even if the reasons urged may have had merit in them.

All the assignments of error are overruled, judgment affirmed.