## Commonwealth v. City National Bank

*Charles J. Margiotti*, for Commonwealth.

*Meltzer & Scheckter*, for appellant.

RICHARDS, P. J., specially presiding, December 16, 1940.—This matter comes before us on motion of the Com-

monwealth to dismiss the tax appeal of defendant for failure to file a bond. The appeal was taken on March 29, 1938. A hearing was held on November 15, 1939. On January 22, 1940, the Commonwealth presented its motion, averring that it learned of defendant's failure to file the bond on January 19, 1940. The court on the same day granted a rule upon defendant to show cause why the appeal should not be dismissed. The issuance of the rule was waived and the case duly argued before the court in banc.

The Commonwealth seems to take the position that this court has no jurisdiction of the case until appellant has complied with all the statutory requirements relating to the appeal. We do not agree with this contention. This court is vested with jurisdiction over the parties and subject matter by virtue of the Act of April 7, 1870, P. L. 57, as amended by the Act of May 25, 1937, P. L. 793, 17 PS §255. Appeals from the Board of Finance and Revenue are authorized and regulated by The Fiscal Code of April 9, 1929, P. L. 343. Section 1104 of this act, after allowing an appeal to this court within 60 days from the action complained of, provides:

"Every such appeal shall be accompanied with a specification of objections to the settlement, resettlement or other decision, as the case may be, and the party appealing shall enter sufficient security, before one of the judges of the court of common pleas of Dauphin County, within ten (10) days next after the filing of the appeal, with the clerk, to prosecute the appeal with effect, to pay all costs and charges which the court shall award, and any sum of money which shall appear by the judgment of the court to be due by such party to the Commonwealth." 72 PS §1104.

It is thus the duty of appellant to file the appeal bond within 10 days after the filing of the appeal. This provision we consider to be mandatory. We think it clear that the court would be obliged, upon motion promptly made, to dismiss an appeal when bond is not filed within the period prescribed by the statute. Usually, however, the

motion to dismiss must be made before the entry of a general appearance, the filing of pleadings, or trial upon the merits. The Supreme Court, in East Lake Road & Payne Ave., 309 Pa. 327, 329, expressed its views as follows:

"We have held as a general rule that where an act of assembly commands an act to be performed within a certain time the words employed are mandatory. It is not within the power of courts to waive or dispense with such legislation. . . . There are exceptions to the rule: it does not embrace literal compliance with an act, the performance of which has been made impossible through no fault of the one whose duty it was to act, where the thing to be done may be done at some future time . . . nor does it include the performance of a public duty, the neglect of which works general inconvenience, serious injury, or injustice to those having no control over the person who is to perform the duty. . . . However, where the act to be performed concerns vested rights, procedure, or other similar matters, such as the imposition of a lien or a charge against land, the statute is mandatory and its requirements must be strictly followed."

In Wise v. Cambridge Springs Borough, 262 Pa. 139, 143, the court said: "The commands of a statute cannot be waived or dispensed with by a court." In Smith v. Scholl, 262 Pa. 124, 127, it is stated:

"The general rule is that, where a proceeding is contrary to the common law, no appeal is permitted except as expressly allowed by statute, and, in all such cases, the legislative provisions conferring the right of review must be strictly adhered to . . ."

The Superior Court has dealt with the subject of failure to file bonds. In Page et al., etc., v. The J. C. McNaughton Co., 2 Pa. Superior Ct. 519, 521, it was held that failure to file an appeal bond was fatal:

"This is not the case of a defective recognizance but of a total failure to comply with a statutory condition precedent. No attempt to give bail was made within three

months after the judgment was entered, and the motion to quash was made at the first opportunity. This being the case, excepting in the court below to the sufficiency of the bail entered after the expiration of the three months was not, of itself, a waiver of the objection that the appeal was not perfected within the statutory period."

The matter was again discussed in New Castle Metal Products Co. v. Campbell, 131 Pa. Superior Ct. 367, 368. It was there stated:

"The authorities relied on by the appellant all relate to the practice where a *defective* recognizance or bond for costs has been filed by the appellant. In such case the established practice is to permit the appellant to perfect the recognizance or bond or file an amended one *nunc pro tunc*, and not dismiss the appeal until an opportunity to do so has been given the appellant. . . . But that rule is not applied where no bond or recognizance whatever is filed. Where such a statutory requirement is wholly lacking the appeal will be dismissed or struck off . . ."

We think these authorities amply demonstrate that the present motion must be sustained unless the action of the Commonwealth's officers constitutes a waiver of the strict legal requirements. Accordingly we will examine this aspect of the case.

In Mayes et al. v. Jacoby, 8 S. & R. 526, an appeal from an arbitration award was filed after the statutory period. No motion to quash was made for almost three years. Here the court said:

"I can see no difference between an appeal taken out of season, and an appeal taken without having paid costs, made the requisite affidavit, or given the proper security; and any or all of these may be waived: yet they are conditions precedent, and an appeal without them is as much a nullity as if it were entered after the expiration of the twenty days. In either case, the judgment would be declared absolute, if an objection were made in time; but any one may dispense with provisions that were intended to operate in his own favor. It is clear, then, that the ap-

pellee was too late with his motion, and the judgment is affirmed."

An alleged defective appeal from the Mayor's Court of Scranton was considered in The Delaware & Hudson Canal Co. v. Loftus, 71 Pa. 418, 420. In the course of the opinion the court discussed the quashing of appeals and the effect of waivers in the following language:

"The cases are too numerous to require citation, that a party waives his right to quash by acquiescence in an appeal; and this may be inferred from delay as well as other acts. Now was not the act of appearing to the appeals by the plaintiff in this case, and receiving pleas by the defendants without objection, until the third term of the court, a waiver of objection to the form of the appeals, even if objectionable for the reasons on which they were struck off? Undoubtedly the defendant must have expected and was preparing all this time to try its cases on the appeals. This is shown by its attention to the cases, as the pleas entered evidently show. In Weidner v. Matthews, 1 Jones 336, it was held as it had been before, in the cases cited in the opinion of the learned judge, that 'objections to the recognisance, &c., on appeal, must be taken in a reasonable time, and *before other steps are taken* to prepare the case for trial, or they will be considered as waived': Clark v. McNulty, 3 S. & R. 364, and Cameron v. Montgomery, 13 Id. 128, fully sustain this doctrine. The same principle is to be found in Carothers v. Cummings, 13 P. F. Smith 199. We think the *laches* of plaintiff in moving to quash the appeals, he being in court by appearance on the record all the while, and having notice of defendant's preparation for defence, were too great at the third term, to entitle him to success, and that the court erred in striking them off."

Quite similar statements are found in Commonwealth v. Crum Lynne Iron & Steel Co., 27 Pa. Superior Ct. 508, 509. There the appeal was not taken in time. The first paragraph of the opinion states:

"It is well settled that, apart from the question of jurisdiction, matters merely in abatement or suspension of the action, or in denial of status as a suitor, or of obligation to appear, must be presented before the cause of action, on the one hand, or the defense, on the other, is introduced, and that objections resting on such matters are waived by any step taken for the determination of the cause on the merits . . ."

On page 510, the court added:

"But if the appeal was too late, the objection based thereon was equally out of time. Such an irregularity, though ground for dismissing the appeal had the question been raised at the proper stage, could avail nothing after the plaintiff had brought the cause before the court for determination on the merits."

The necessity of moving promptly to dismiss for technical defects was reiterated in Edelman v. Moser, 60 Pa. Superior Ct. 637. We quote from pages 639 and 640 of the opinion:

"The transcript of appeal from the alderman to the Common Pleas bore no certificate of the justice and the affidavit made by the defendant was not accompanied by the jurat of the alderman. No objection however was made to these defects by the plaintiff until the case was called for trial after the expiration of almost a year. The question therefore for us to consider is not whether such certificate and jurat are required, but whether by his delay in raising the question, the plaintiff has waived his right to object. . . .

"The courts are loath to allow any suitor to hold an objection in reserve and wait until the opportune moment presents itself and then urge it to the greater damage of his adversary. Matters merely in abatement or suspension of the action or denial of the status of the suitor should be made before the case is ready for trial on the merits. We, of course, do not decide that an omission to certify to the record or to attest the affidavit would or would not be proper ground for objection to the appeal if

made within a reasonable time, but by his delay the appellee has waived his right to object."

These cases clearly establish that action must be taken within a reasonable time to quash a defective appeal. If no such action be taken, the defects are waived.

The only remaining question is whether or not these rules apply to the Commonwealth. It was early decided that the Commonwealth could be guilty of laches.

"Were the complainant here a private individual we would not hesitate to say that his laches was a bar to this proceeding. Is the commonwealth in any better position? We think not. It is true, the statute of limitations does not run against the commonwealth. But this is not a question of the statute of limitations. It is a question of laches, and laches may be imputed to the commonwealth as well as to an individual": Commonwealth ex rel v. Bala & Bryn Mawr Turnpike Co., 153 Pa. 47, 53.

This has been consistently followed in subsequent cases as is shown by Bailey's Estate, 241 Pa. 230, 232, Pittsburgh Rys. Co. et al. v. Borough of Carrick et al., 259 Pa. 333, 339, and Commonwealth ex rel. v. Union Traction Co. of Phila. et al., 327 Pa. 497, 513.

To summarize: Appellant was negligent in not filing the bond within 10 days and the Commonwealth was negligent in failing promptly to move for dismissal of the appeal. Delay by the Commonwealth for almost 22 months constitutes laches on its part and, coupled with the fact that it had entered a general appearance and gone to trial, divests it of the right to have the appeal quashed at this late date.

### Decree

And now, to wit, December 16, 1940, the motion to dismiss the appeal is refused and the rule granted thereon is discharged.