# Walbridge's Appeal.

Where one purchases a property at sheriff's sale under a levari facias issued on a judgment obtained on a mechanic's lien, filed under the provisions of the Act of June 16th 1836, Pamph. L. 696, he may institute the summary proceedings provided by the Act of June 16th 1836, Pamph. L. 780, and its supplement of May 24th 1878, and thereby recover possession of the premises.

October 18th 1880.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Court of Common Pleas of *Erie county :* Of October and November Term 1880, No. 203.  In Equity.

Bill in equity filed by Mary L. Spaulding against C. H. Walbridge.

The bill, in substance, set forth that the complainant was the owner of a house and lot in the city of Erie ; that defendant claimed title to said property by virtue of a sale upon a levari facias on a mechanic's lien ; that defendant had commenced proceedings under the provisions of the Act of June 16th 1836, Pamph. L. 780, and its supplement of May 24th 1878, Pamph. L. 134, before an alderman and a jury of six, to recover possession of said premises ; and that said jury had rendered a verdict awarding possession to the defendant ; that complainant is advised that the proceedings were void ; that the Act of June 16th 1836, Pamph. L. 696, upon which the proceedings were based, confers no jurisdiction in such a case ; that there is no appeal granted to the aggrieved party, and a certiorari will not operate as a supersedeas ; that he threatens and is about to have execution on said verdict, and dispossess complainant, all of which would work her great and irreparable injury.  She, therefore, prayed for an injunction to restrain the defendant from having execution.

[Walbridge's Appeal.]

The court granted a preliminary injunction as prayed for, and the defendant then filed an answer admitting the facts, but alleging that the defendant had properly proceeded under the provisions of the Act of 1836, and that he was entitled to possession of the premises.

The court, Galbraith, P. J., heard the case on bill and answer, and granted the injunction, in an opinion, inter alia, saying:

"The case presents but a single question, namely, the right of Mr. Walbridge to the proceedings he has taken under the Acts of 1836 and 1878, and this must depend upon the language of the Act of 1836. The section begins in these words: ' Whenever any lands or tenements shall be sold by virtue of any execution as aforesaid, the purchaser of such estate may, after the acknowledgment of a deed thereof to him by the sheriff, give notice to the defendant, &c.' This can, of course, have reference to, and cover only such writs of execution as have been named in the act. The tribunal provided for being unknown to the common law, and the power conferred being in derogation of the common law, the act cannot be made to cover by mere intendment that which is not plainly mentioned or evidently intended. Now the writ of levari facias or mechanic's lien judgment is not named in the act. In fact, the law providing for such process was not then in existence. The term ' aforesaid,' therefore, cannot mean such execution as is here in question. It follows that the Act of 1836 and the supplement of 1878, do not apply, and the proceedings had before a justice of the peace and the jury of six were, consequently, wholly irregular and unauthorized by law."

This action was assigned for error by defendant who took this appeal.

*Benson & Brainerd* and *Clark Olds*, for appellant.—The summary proceedings to obtain possession of premises sold by the sheriff by virtue " of any execution," were first conferred by the Act of March 14th 1814, 6 Sm. Laws, 132. The 105th section of the Act of June 16th 1836, relating to executions, is an amendment to this act, and is the one under consideration in this case. The language is almost identical with the original act, the only important change being the addition or insertion of the words " as aforesaid," after the words " any execution," and the question before us is, how are these words " as aforesaid " to be construed? The court below has construed them to be words of limitation, referring to the executions enumerated in the act relating to executions, and not to the original act of which it is a supplement. This we claim to be error. We contend that the phrase includes a sale on a levari facias sur mechanic's lien.

The Act of 1836 is a remedial one, and should be liberally construed: Pentland v. Kelly, 6 W. & S. 483; Oakland Railroad Co. v. Kernan, 6 P. F. Smith 202.

[Walbridge's Appeal.]

*Souther, E. L. Whittelsey* and *Frank Gunnison,* for appellee.—
The tribunal provided in the act is unknown to the common law, and
the power conferred being in derogation thereof, it is incumbent upon
the appellant to show clearly the right to the remedy claimed. The
act must be construed strictly, and no jurisdiction can be exercised
by such a tribunal by mere inference. It must be conferred by
the express language of the act creating it, positively, clearly and
indubitably: Camp *v.* Wood, 10 Watts 118; Walker *v.* Turner,
6 Curtis 178; Griffith *v.* Frazier, 1 Id. 1; Alberty *v.* Dawson, 1
Binn. 105; Graver *v.* Fehr, 8 Norris 460. The right of a pur-
chaser at sheriff's sale to dispossess the party in possession is not a
common-law right. It is a creature of the statute, not unlimited,
not of course, but given only to those named in the statute, and
who comply strictly with its terms. This act does not mention
such an execution as a writ of levari facias upon a judgment ob-
tained in case of a scire facias upon a mechanic's lien. And the
Act of June 16th 1836, in relation to mechanic's liens, 2 Purd.
Dig. 1025, Pamph. L. 696, giving a remedy by writ of scire facias
and levari facias, under which the sale in this case was made, did
not take effect until September 1st 1836, as will be seen by refer-
ence to said act.

The mechanic's lien law was unknown to the common law, and
cannot be extended beyond its express terms : McCoy's Appeal, 1
Wright 125. The words "as aforesaid" clearly refer to the prior
sections of the same act: Oakland Railroad Co. *v.* Kernan, *supra.*
The language of the 44th section of the act is, "Whenever real
estate shall be taken in execution as aforesaid by any sheriff, it
shall be his duty to summon an inquest," &c. And it has been
held that a sale without an inquisition and condemnation according
to the provisions of the act is absolutely void: Baird *v.* Lent, 8
Watts 422; Gardner *v.* Sisk, 4 P. F. Smith 506. Yet no inqui-
sition is ever held in any case of a levari facias on a mechanic's
lien, for the reason that there is no authority in the act for so doing :
Schmidt *v.* Stetler, 21 Pitts. L. J. 34. But there is the very same
authority for an inquest by a sheriff and a jury to ascertain if the
rent, issues and profits of the land would be sufficient to satisfy the
judgment within seven years, &c., as there is for two justices and
a jury to deliver possession to a purchaser at sheriff's sale. An
order of sale awarded in an action of partition is not within the
105th section of the Act of June 16th 1876 : Fitzgibbons *v.* Keller,
S. C. January 31st 1852, cited in 1 Bright. Purd. Dig. 660, note
d. The 2d section of the Act of April 9th 1849, Pamph. L. 533,
in relation to exemption of property from levy and sale upon exe-
cution, provides " That the sheriff or other officer charged with the
execution of any warrant issued by competent authority for levying
upon and selling the property, either real or personal, of any debtor
shall," &c. Yet it has been held that the defendant, in a writ of

levari facias issued on judgment upon a mechanic's lien, is not entitled to the benefit of it: Lauck's Appeal, 12 Harris 426; Building Association v. O'Conner, 3 Phila. 453. Nor does it apply in case of a sale on a levari facias on a mortgage : Morgan v. Noud, 5 Clark 93 ; Gangwere's Appeal, 12 Casey 466 ; Craig v. Craig, 1 W. N. C. 613.

Mr. Justice MERCUR delivered the opinion of the court, November. 15th 1880.

This case presents the question whether a purchaser under a levari facias on a judgment obtained on a mechanic's lien may obtain possession in like manner as if he had purchased at a sale made on a *venditioni exponas ?* The necessity of giving a purchaser at sheriff's sale some more expeditious method of getting possession than by action of ejectment, was recognised at an early day. Hence, the preamble to the Act of 6th April 1802, 3 Sm. Laws 530, declares, "Whereas, great inconveniences have been experienced from the unjust detention of lands and tenements sold by sheriffs under executions from the several courts of this Commonwealth, the purchasers whereof have been obliged to bring ejectments and to subject themselves to all the delays and expenses incident to law proceedings, to recover the possession from the person as whose property the same was originally sold, the desperate circumstances of whom usually preclude the possibility of obtaining damages or any other compensation whatever for such unjust detention; for remedy whereof," it proceeded to enact " that where any lands or tenements shall hereafter be sold by the sheriff or coroner of any county, by virtue of any execution issued out of any court of record of this Commonwealth, it shall be lawful for the purchaser thereof" to give notice to the defendant as whose property the same was sold or to any one in possession under him of said sale, and to require the possession thereof to be delivered to the purchaser within three months after the date of such notice. In case of neglect or refusal so to do, the act proceeded to declare, that complaint might be made to two justices of the peace, who should summon a jury and the case might proceed to judgment and a writ of possession. Thus this act applied to every purchase of real estate made at sheriff's sale on every execution that might be issued out of any court of record. It made no distinction whether the judgment was on a mortgage, mechanic's lien or other claim. It wholly disregarded the form of the execution on which the sale might be made.

On the 1st April 1803, an act was passed giving a mechanic's lien for labor and materials in erecting any building "within the city of Philadelphia, the district of Southwark and the township of the Northern Liberties." This was repealed by the Act of 17th March 1806, 4 Sm. Laws 300, which gave a preferred lien for

[Walbridge's Appeal.]

work done and materials furnished in the construction of any building within the city and county of Philadelphia, provided an action for the recovery thereof was brought or claim therefor filed within six months after the same was done or furnished. A purchaser at sheriff's sale under this act undoubtedly had all the remedies whereby to obtain possession given by the Act of 6th April 1802.

It is alleged that inasmuch as the Act of 16th June 1836, Pamph. L. 695, prescribes that execution on judgments recovered on mechanic's liens shall be by levari facias, and the act of same date, page 761, relating to executions, does not specifically refer to that form of execution, its language is insufficient to give to one buying at a sale made on a levari facias the remedy given by section 105 of the act. That section declares, Purd. Dig. 660, Pamph. L. 134: "Whenever any lands or tenements shall be sold by virtue of any execution as aforesaid, the purchaser of such estate may, after the acknowledgment of a deed therefor to him by the sheriff, give notice to the defendant as whose property the same shall have been sold," requiring him to surrender the possession thereof within three months from the date of such notice. On failure to comply, the act authorizes application to be made to two justices of the peace or aldermen, who shall proceed in the manner therein directed.

It is claimed the language "any execution as aforesaid" applies only to a writ of fieri facias or venditioni exponas. It is true, much of the act does relate to executions of those forms, yet it has a much wider scope. The words "as aforesaid" appear in many sections where the manifest intention is to apply to sheriff's sales on all forms of execution. The following may be cited as illustrations : in case of dispute concerning the distribution of the money arising in all cases of sale on execution as aforesaid, the act gives the court power to hear and determine the same ; if any fact connected with such distribution be in dispute, the court may direct an issue to try the same, and the judgment thereon is subject to writ of error ; any one aggrieved by the decree of the court in case of distribution made without the intervention of a jury, may appeal therefrom to this court ; whenever the proceeds of a sale upon execution as aforesaid shall be more than sufficient to satisfy the liens on the property sold, the officer making such sale may pay over the surplus to the debtor ; if the officer by whom any real estate shall have been taken in execution shall die, resign, be removed from office or his term of office shall expire before sale thereof, or if, after sale and before any deed shall have been executed and acknowledged by him, the sale may be made and the deed be executed and acknowledged by a succeeding officer ; it also prescribes the manner and length of time real estate shall be advertised before a sale thereof ; it directs as to the manner in which,

[Walbridge's Appeal.]

and the time when, the deed shall be acknowledged; it further authorizes the purchaser of "any real estate at a sheriff's sale" to cause the judgment and all the process issued thereon to be fully set forth in the deed to be executed to him therefor.

In regard to all steps covered by these provisions, the act of the same date relating to mechanic's liens is silent. It proceeds no further than to direct the form of writ on which sale shall be made. No words therein indicate an intention to withhold from a purchaser at sheriff's sale the summary method of acquiring possession given in case of sale on other judgments. This act is the basis of all existing laws relating to mechanic's liens. None of the many supplements thereto gives any substitute for the provisions to which we have referred nor takes them away. To ascertain what action shall be taken after execution issued in regard to advertising, executing and acknowledging deeds and the remedy given to a purchaser, we must look elsewhere. Section 105 of the other act of the same date, entitled, "An act relating to executions," furnishes the information and gives the remedy. The two acts must be construed together. They so far deal with one general subject as to be in *pari materia*. Having been passed on the same day, the reason for so considering them is strengthened. What is wanting in one is supplied by the other in so far as they are not in conflict.

No authority is cited which holds, since the Acts of 16th June 1836, that a purchaser at a sale made on a levari facias, whether issued on a judgment recovered on a mechanic's lien or on judgment obtained on a mortgage, was denied any remedy to obtain possession given to a purchaser on a writ of venditioni exponas. In Pentland *v.* Kelly, 6 W. & S. 483, it was held that a levari facias on a judgment in case of a mechanic's lien was a substitute for a fi. fa. inquisition and venditioni, and, therefore, was an execution within the provisions of the 6th section of the Act of 13th October 1840, relating to the appointment of a sequestrator. We think the true intent and just construction of section 105 applies it to a purchaser at sheriff's sale under a levari facias. This construction is best calculated to effectuate the intention of the legislature and give just symmetry to the acts defining the rights of purchasers at sheriffs' sales.

The Act of 24th May 1878, gives to one justice of the peace or alderman all the power which the Act of 1836 gave to two. It is not necessary to consider the other question in the case. The learned judge erred in granting and in continuing the injunction.

Decree reversed and bill dismissed at the costs of the appellee.