## Moore *v.* Moore, Appellant.

*Constitutional law—Statutes—Title of statute—Executions.*

The Act of May 24, 1878, P. L. 134, entitled "A further supplement to an act entitled 'An act relating to executions,' approved June 16, 1836, providing that the justice of the peace, alderman or magistrate shall act where two are now required," is defective in title and unconstitutional as to the second section, inasmuch as none of the provisions of section 2 amending sec. 107 of the act of June 16, 1836, are indicated in the title of the amending act.

*Execution—Proceedings to obtain possession after sheriff's sale.*

The absence in a petition in proceedings under the act of June 16, 1836, to secure possession of real estate after sheriff's sale of an averment that the respondent was in possession by title derived from the defendant in the execution subsequently to the judgment on which the land was sold, is no ground for exception. The petition is sufficient if it sets forth that the person in possession "is W., who came into possession thereof under J., the defendant in the execution under which the land was sold."

Argued March 10, 1903. Appeal, No. 20, March T., 1903, by defendant, from judgment of C. P. Cumberland Co., Sept. T.,

74    MOORE *v.* MOORE, Appellant.

Statement of Facts—Opinion of Court below.  [23 Pa. Superior Ct.

1902, No. 172, reversing judgment of justice of the peace in case of William G. Moore v. W. M. H. Moore.    Before BEA-VER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Certiorari to judgment of justice of the peace.

The abstract of the record was as follows :

July 1, 1902, petition of W. H. M. Moore presented to W. G. Hughes, Esq., setting forth that he was the purchaser of a certain tract of land at sheriff's sale, then in the possession of William Moore, who came into possession thereof under John T. Moore, the defendant in the execution under which the land was sold, who has refused to give up possession of the same after three months' notice, and praying for a warrant to summon a jury to hear the complaint of the petitioner as provided by the acts of assembly.

July 5, 1902, warrant issued to the sheriff reciting the facts set forth in the petition.

Return by sheriff to warrant.

July 11, 1902, inquisition held before the justice of the peace and the jury, and finding that the defendant came into possession of the premises under the defendant in the execution, and that he has refused to give up the possession of the same to the sheriff's vendee after three months' notice to him, and assessing damages for the unjust detention.

July 11, 1902, writ of possession awarded.

July 16, 1901, certiorari to W. G. Hughes, justice of the peace, with recognizance returnable August 4, 1902.

E. W. BIDDLE, P. J., filed the following opinion :

In Ferriday v. Reinbold, 8 Pa. Dist. Rep. 637, it is decided that the Act of May 24, 1878, P. L. 134, is unconstitutional in so far as it reduces the number of jurors from twelve to six in proceedings by a purchaser of lands at sheriff's sale to recover possession thereof.    It is also there determined that such proceedings are invalid unless it appears by the record that the party in possession of the premises, other than the defendant, is there " by title derived from him (the defendant) subsequently to the judgment under which the same were sold."

After careful consideration, we agree with the reasoning and

conclusions of the learned court of Northampton county in that case; hence, as there were only six jurors in the present instance, and it nowhere appears that the plaintiff in error derived title from the defendant in the execution after entry of the judgment under which the land was sold, the second and ninth exceptions must be sustained. The third exception must likewise be sustained for the same reason which is applicable to the second.

And now, September 4, 1902, in conformity with the foregoing opinion, the proceedings are reversed.

*Error assigned* was the judgment of the court.

*S. B. Sadler,* with him *Sadler & Sadler,* for appellant.—The act is constitutional: Kachel v. Moyer, 11 Pa. Dist. Rep. 291.

The petition following the very words of sec. 106 of the Act of June 16, 1836, P. L. 755, alleges "that the person at present in possession of the premises is William Moore, who came into possession thereof under John T. Moore, the defendant in the execution under which the land was sold."

It is respectfully submitted that a record substantially in the words of an act of assembly is sufficient: Snyder v. Carfrey, 54 Pa. 90. Such was the rule laid down in Missemer v. Trout, 17 Pa. C. C. Rep. 317; Com. v. Dukehart, 17 Pa. Superior Ct. 71.

The fact, if such had been the case, that ,the defendant claimed possession from the defendant in the execution prior to the judgment, or from another party, is a matter of defense: Walker v. Bush, 30 Pa. 352; Dean v. Connelly, 6 Pa. 239; Mutual Building & Loan Association v. McClelland, 20 Pa. C. C. Rep. 526.

*E. M. Biddle, Jr.,* with him *F. E. Beltzhoover,* for appellee.

The act is unconstitutional: Payne v. School District, 168 Pa. 386; Allegheny County Home's App., 77 Pa. 77; Dorsey's App., 72 Pa. 192; Evans's App., 152 Pa. 401; Ferriday v. Reinbold, 8 Pa. Dist. Rep. 637; Barrett's App., 116 Pa. 486; Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627; Pittsburg's Petition, 138 Pa. 401.

OPINION BY SMITH, J., May 22, 1903 :

Though, in some of its aspects, the Act of May 24, 1878, P. L. 134, has been considered by this court (Wilson v. Downing, 4 Pa. Superior Ct. 487) and by the Supreme Court (Merritt v. Whitlock, 200 Pa. 50), the question of its constitutionality, on all points, was not necessarily involved in the decision of either case. As an authority, the value of any case is to be determined by the questions considered and decided by it, rather than by what is said in the course of discussion in the opinion. The point decided controls, not its discussion. In Wilson v. Downing, the judgment of the justice in favor of the sheriff's vendee was affirmed by the common pleas, on the ground that the affidavit made by the claimant, not being in conformity with the provisions of the act of 1836 relating to intervention, was properly disregarded by the justice; and on that ground the judgment was affirmed by this court. In Merritt v. Whitlock, the proceeding was commenced under the Act of April 9, 1849, P. L. 524, to obtain possession of land sold by order of the orphans' court; and the Supreme Court, while viewing the act of 1878 as constitutional, held that it did not amend the act of 1849, and reversed the judgment on the ground that the proceedings " were void for want of jurisdiction at their inception." In Walbridge's Appeal, 95 Pa. 466, the only question was whether the statutory provisions for obtaining possession of land sold by the sheriff applied to a sale on a levari facias on a mechanic's lien; and it was held that they did. No question was raised respecting the act of 1878, and that act was only referred to incidentally as " giving to one justice all the power which the act of 1836 gave to two." Practically, therefore, the constitutionality of the act of 1878, as a whole, remains undetermined. This is the only question arising in the present case.

For the purpose of obtaining possession of land sold by the sheriff, section 106 of the Act of June 16, 1836, P. L. 755, provides that the sheriff's vendee " may apply by petition to any two justices of the peace or aldermen of the city, town or county " in which the land lies. Section 1 of the act of 1878 amends this by providing that he " may apply by petition to any justice of the peace, alderman or magistrate of the city, town, borough or county." Section 107 of the act of 1836 re-

quires the justices thereupon to impanel a jury of twelve men, to meet at a time specified, within four days after summons issued. Section 2 of the act of 1878 amends this by requiring the justice to impanel a jury of six men, to meet at a time specified, not less than three nor more than eight days after summons issued. The act of 1836 further requires a hearing and determination by " the said justices and jury," with a record thereof, and, on a finding for the petitioner, an assessment of damages, an award of possession, and a writ of execution. The act of 1878, containing only the two sections referred to, has no provision on these points.

The absence in the petition, in the case before us, of an averment that the appellee was in possession by title derived from the defendant in the execution subsequently to the judgment on which the land was sold, is no ground for exception. While section 105 of the act of 1836 provides for notice to a person thus in possession, section 106, specifying the matters to be set forth in the petition, requires only the averment, as to the person in possession, that he " is the defendant as whose property such real estate was sold, or that he came into possession thereof under him." Here the petition sets forth that the person in possession " is William Moore, who came into possession thereof under John T. Moore, the defendant in the execution under which the land was sold." This conforms, in substance, with the requirement of the statute. That the person in possession holds by title derived from the defendant prior to the judgment on which sale was made, is matter of defense, and the mode of its presentation is prescribed by section 114 of the act of 1836. Such title is not in the nature of an exception that must be negatived in the petition.

This leaves for determination only the question whether the title of the act of 1878 conforms to the constitutional requirement of clearly expressing the subject of the act. The title is as follows: " A further supplement to an act entitled, ' An act relating to executions,' approved June 16, 1836, providing that one justice of the peace, alderman or magistrate shall act where two are now required." So far as relates to the powers of these officers, this clearly expresses the subject. To this extent the act is constitutional; and, as was said in Walbridge's Appeal, supra, " it gives to one justice of the peace or alder-

man all the power which the act of 1836 gave to two." That is to say, the power to impanel a jury of twelve men, and with such jury, on a day specified, within four days after summons issued, to proceed as directed by the act. But it gives no power to impanel or conduct the proceeding with a jury of six, nor does it authorize an assessment of damages by such a jury. The act has a much broader scope than appears from its title. As shown by its terms, its subject is a change in the composition of the tribunal provided for, by substituting one justice for two and six jurors for twelve. Its title, however, expresses this subject only in relation to the justices; it contains nothing to indicate a proposed change in the number of jurors. But in the constitution of the tribunal, the justices and jurors, in number as fixed by the act of 1836, are on a footing of equal importance. If with a title expressing, as the subject of the amending act, only a reduction in the number of justices, the number of jurors may be reduced, their powers, also, may be restricted, or the jury may be abolished and the cause left to be heard and determined by one justice. To sustain a change, on a point so material, beyond that indicated in the title, would leave no limit to further changes not thus indicated, since no test would remain by which they might be excluded. The omission in the case before us, therefore, must be held fatal to the constitutionality of the provision substituting six jurors for twelve. It may be said that the act of 1878, being a supplement, and so entitled, may contain anything germane to the original act, without specification in the title. This may well be, and had nothing been specified in its title a different question would have been presented. But it is equally well settled that the title must not be misleading. In this case, the title is obviously misleading, since, by clearly expressing a reduction in the number of justices as the subject, it as clearly implies that this is the whole subject. Expressio unius est exclusio alterius.

The change made by section 2 of the act of 1878 in the time appointed for the hearing, and not indicated in the title, requires little discussion. If standing alone, it might perhaps be dismissed as an unimportant change in a minor feature of the procedure, with no bearing on the rights of any party in interest, and in no way material to the purpose or effect of either

act. But here it is so involved in the structure and require-ments of the amending section that it cannot well be treated separately. Moreover, to read this provision alone into section 107 of the act of 1836, which fixes the time for hearing, would result only in confusion and inconvenience. Since none of the provisions of section 2 of the act of 1878, amending section 107 of the act of 1836, are indicated in the title of the amending act, the section must be pronounced unconstitutional and void.

Judgment affirmed.