# Reams *v.* Yeager, Appellant.

*Sheriff's sale—Proceedings to obtain possession—Justice of the peace—Jurors—Act of May 24, 1878, P. L. 134.*

Where a proceeding is instituted before a justice of the peace to recover possession on a sheriff's deed, and six jurors are summoned, but before the jurors are sworn, the defendant files an affidavit that he does not claim under the defendant in the execution, and the proceedings are thereupon certified to the court of common pleas, the latter court has jurisdiction to hear and determine the case, although the act of May 24, 1878, which provided for six jurors instead of twelve, is unconstitutional.

*Sheriff's sale—Lease—Rentals.*

Where judgment is entered against an owner of land and subsequently the owner leases the land to another, and thereafter a sheriff's sale takes place under the judgment, the lessee is bound to respond to the purchaser at the sheriff's sale for the rent of the land from the date of the confirmation of the sheriff's deed.

Argued Oct. 25, 1905. Appeal, No. 110, Oct. T., 1905, by plaintiff, from judgment of C. P. Clearfield Co., May T., 1903, No. 217, for plaintiff on case stated in suit of David Reams v. D. B. Yeager. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated on certificate of justice of the peace.

SMITH, P. J., filed the following opinion:

This case came into the court on certificate from E. Fred Vosburg, Esq., justice of the peace at DuBois, Pennsylvania, said case having arisen before said justice by summary proceedings to obtain possession, under the act of June 16, 1836, as amended by Act of May 24, 1878, P. L. 134. Said amendment act of May 24, 1878, provides that the said summary pro-

ceedings shall be conducted before one justice instead of two
and before six jurors instead of twelve, and in this case the
writ issued by the justice commanded the sheriff to summon
six jurors and the return of the sheriff shows that six jurors
were summoned to appear before said justice on March 24, 1903.
On said return day, March 24, 1903, at the time set for hearing
and before the jury were sworn, the defendant, D. B. Yeager,
appeared and filed an affidavit setting up that he did not claim
under the defendant in the judgment and execution by which
the property was sold but by a different title, etc., and entered
bail in the sum of $200, with sureties, as provided by said act
of assembly. Whereupon the case was duly certified by said
justice to the court of common pleas of Clearfield county.

As appears by the case stated, the facts agreed upon are,
that judgment was obtained by David Reams against Jessie
Howat on September 7, 1902, upon which judgment execution
was issued and the property in dispute levied upon and sold
by the sheriff to David Reams, plaintiff in this case. The sher-
iff's deed for said property was acknowledged and dated De-
cember 15, 1902. On December 16, 1902, David Reams, the
plaintiff, gave notice to D. B. Yeager, tenant in possession of
said property and defendant in this case, demanding possession
of said premises within three months. The said defendant,
D. B. Yeager, refused to remove therefrom. Whereupon, on
March 19, 1903, this proceeding was commenced before the
said E. Fred Vosburg, a justice of the peace. The defendant,
D. B. Yeager, according to the case stated, came into possession
of said premises October 1, 1902, by lease from Jessie Howat,
defendant in the judgment above recited, at a rental of $12.00
per month for a period of one year, and was in possession under
said lease at the time of sale and remained in possession until
on or about October 1, 1903. Although the defendant made
affidavit at the time fixed for the hearing, on March 24, 1903,
that he did not claim under the defendant as whose property
the same was sold but by a different title, it now appears by
the case stated that this was a mistake and that he was in fact
lessee of Jessie Howat by lease dated three days after the entry
of the judgment of David Reams against Jessie Howat. No
defense is set up by the defendant on the merits and the only
defense urged by the counsel for the defendant is, that the

proceedings commenced by plaintiff, David Reams, against D. B. Yeager, defendant, before E. Fred Vosburg, was under the amendment act of May 24, 1878, by virtue of which act the justice summoned only six jurors instead of twelve. Counsel for defendant alleges the unconstitutionality of the act of May 24, 1878, in so far as the second section thereof is concerned, providing for the selection of six jurors instead of twelve, and refers to the case of Moore v. Moore, 23 Pa. Superior Ct. 73, to sustain said contention. It is clear that the act of May 24, 1878 is defective in so far as said section 2 is concerned, and we hold that the ruling of the Superior Court in Moore v. Moore controls us in our view of the unconstitutionality of section 2 of said act. We are, however, of the opinion that the plaintiff in this case is entitled to a verdict. The first section of the act of May 24, 1878, has been declared constitutional, giving jurisdiction to one justice, so that this proceeding, so far as the tribunal commencing the proceeding was concerned, had jurisdiction. The jurors summoned are of course a part of the tribunal when they act, but in this case, according to the facts in the case stated, no action was taken by them, because the right to so act was removed from that tribunal by virtue of the affidavit made by the defendant. Section 114 of the act of 1836 says, that upon defendant making the affidavit and being bound in recognizance as provided in a subsequent section of said act " the said justices shall forbear to give judgment aforesaid." The tribunal is the justice's court and the jury are simply the aid in finding the facts. In this case before they were even sworn the case was removed by the action of the defendant, and it then became by virtue of the certified record to the court of common pleas of Clearfield county an action of ejectment in that court, as provided by the form of the recognizance in section 117 of the act of 1836.

Irregularities of proceeding in such cases are remedied by certiorari and the summoning of six jurors instead of twelve was simply an irregularity which could have been corrected by certiorari had the case gone on. As the record stands we do not consider that this mere irregularity in summoning the jurors to try the case by the justice constitutes a defense to this action, which is virtually only an action of ejectment, with the

right to recover damages for wrongful detention. In Dean v. Connelly, 6 Pa. 239, and Walker v. Bush, 30 Pa. 352, it is held that the person in possession having made oath that "he does not claim the land through or under the defendants as whose property the same was sold by title derived subsequently to the rendition of the judgment under which it was sold but by a different title" becomes the actor in court and must establish that the title under which he claims is paramount to and different from the one sold by the sheriff, or else he fails. The trial, therefore, as we look at it, must be one on the merits, and no title in this case being shown by D. B. Yeager other than that which he obtained as lessee of Jessie Howat after the entry of the judgment by David Reams, the defendant here has no defense and the plaintiff, David Reams, is entitled to a verdict for the premises. Plaintiff was entitled, therefore, to the rents, issues and profits of said premises from December 15, 1902 to October 1, 1903, at the rate of $12.00 per month, with interest from the different dates at which said $12.00 per month would fall due, making in all $126.98 at this date.

Now, April 17, 1905, the prothonotary is directed to enter judgment in favor of David Reams, plaintiff, and against D. B. Yeager, defendant, first, for the premises described in said certified record of the justice, and, second, for damages for detention of the same in the sum of $126.98, with interest from this date and costs of suit. Exception noted to defendant and bill sealed.

*Error assigned* was in entering judgment for plaintiff on case stated.

*A. L. Cole*, with him *F. Blake Kuntz*, for appellant.

*W. C. Pentz*, for appellee.

OPINION BY BEAVER, J., November 21, 1905:

This appeal is taken from the judgment of the court below upon a case stated, in which the assignments of error relate to the action of the court, first, in entering judgment in favor of the plaintiff and not in favor of the defendant, and, second, "in

holding that a justice of the peace and six jurors constitute a legal tribunal."

In the case stated it appears that the writ issued by the justice of the peace commanded the sheriff " to summon six jurors, as well as said D. B. Yeager, to try the facts set forth in the petition, as provided by law." It is also set forth as a fact that the six jurors, naming them, were summoned, but it is also stated as a fact that "before the jury were sworn, the said Yeager, the defendant, made and filed an affidavit," in which he alleged that he was legally entitled to hold the premises in dispute against the petitioner and that he did not claim the same by, from or under the defendants, as whose property the same was sold, but by a different title. It is, therefore, admitted that the jury had nothing whatever to do with the trial before the justice and that, by the defendant's own act, he removed the case to the common pleas and thereby defeated the trial before the jury. There was no trial and no judgment was entered in the case, because, as provided by section 114 of the Act of June 16, 1836, P. L. 755, when the affidavit therein provided for was made, it was the duty of the justice to " forbear to give judgment." The court, instead of holding that " a justice of the peace and six jurors constituted a legal tribunal," held : " The tribunal is the justice's court and the jury are simply the aid in finding the facts. In this case, before they were even sworn, the case was removed, by the action of the defendant, and it then became, by virtue of the certified record to the court of common pleas of Clearfield county, an action of ejectment in that court, as provided by the form of the recognizance in section 117 of the act of 1836."

Our decision in Moore v. Moore, 23 Pa. Superior Ct. 73, in which we decided that the second section of the Act of May 24, 1878, P. L. 134, which relates to the number of jurors to be summoned, to try the question of title in cases therein referred to, was unconstitutional because the title gave no indication of the contents in that regard, does not, as was held by the court below and as we view it, in any way affect the question here involved.

It appears by the facts in the case stated that Reams, the plaintiff, obtained a judgment against Jesse Howat on September 27, 1902, which became a lien upon the premises, which he (Howat)

leased to Yeager October 1, 1902. It does not appear that Yeager had any other title. He, therefore, acquired his title under the lease subsequently to the entry of the judgment, and the court very properly held that, after notice, Yeager was bound to respond to the purchaser at the sheriff's sale, the present plaintiff, for the amount of the rent.

The opinion of the court is clear and satisfactory and shows that all the questions involved in the case were carefully considered and properly disposed of.

Judgment affirmed.