## Luzerne County Liquor Licenses.

*Liquor law—Licenses—18th Amendment—Constitutionality of Act of May 5, 1921 (Woner Act)—Title of statute—Amendment—Art. iii, sects. 3 and 6, of Constitution.*

1. The Woner Act of May 5, 1921, P. L. 407, does not violate section 3, art. iii, of the Constitution, by failing to express in the title the amendments of the Acts of April 24, 1901, P. L. 102, and Feb. 26, 1919, P. L. 10, as provided in sections 3 and 5 of the act, since the title plainly expresses the amendment of the Act of May 13, 1887, P. L. 108, necessarily embracing all intermediate amendments which had become therein incorporated.

2. Nor does the Woner Act violate section 6, art. iii, of the Constitution, in undertaking in section 1 to incorporate the congressional definition of intoxicating liquors by reference to the title only and not by re-enactment at length.

3. The Woner Act does not incorporate by reference to the title, but only by reference to subject.

4. The State legislature has no power to re-enact what Congress within its exclusive power has enacted, and, therefore, the State constitution should not be construed as requiring an impossible thing.

5. The courts in Pennsylvania have the power to grant liquor licenses under the Brooks Act of May 13, 1887, as amended by the Woner Act of May 5, 1921, for non-intoxicating beverages as defined by the Act of Congress.

In re granting of liquor licenses. Q. S. Luzerne Co.

FULLER, P. J., March, 1922.—Notwithstanding the clear, comprehensive and temperate argument of counsel, unmarred by any indulgence in lofty ethical sentiment and maintaining throughout the calmness of purely legal discussion, we are not convinced that the court lacks power to grant licenses on the proposition that the Woner Act of 1921, P. L. 407, is unconstitutional and the Brooks Act of 1887, P. L. 108, is repealed.

I.

The Woner Act of 1921 is claimed to be unconstitutional because (1) the title violates section 3, art. III, of the State Constitution, by failing to express the amendment of the Act of April 24, 1901, P. L. 102, and of the Act of Feb. 26, 1919, P. L. 10, as provided in sections 3 and 5 of the act under consideration; (2) the act violates section 6, art. III, of the Constitution, in

undertaking to extend the prohibition enforcement Act of Congress by mere reference without re-enactment at length.

1. The first objection is not tenable because the title plainly expresses the amendment of the Act of 1887, necessarily embracing all intermediate amendments which had become therein incorporated. The title in full is: "An act amending an Act approved May 13, 1887, entitled 'An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixtures thereof,' by prohibiting the manufacture, sale, or offering for sale, transportation, importation, deportation, furnishing or possession, for beverage purposes, of anything determined and found by Act of Congress passed pursuant to, and in enforcement of, the Constitution of the United States of America; and by restraining and regulating the sale of vinous, spirituous, malt or brewed liquors, or any admixtures thereof, fit for beverage purposes, other than such as are from time to time determined and found to be intoxicating by any such Act of Congress."

Section 3 provides that section 5 of the Act of 1887, as amended by the Act of April 24, 1901, P. L. 102, be further amended; and section 5 provides that section 8 of the Act of 1887, as amended by the Act of Feb. 26, 1919, be further amended. Both the Act of 1901 and the Act of 1919 are entitled "An act amending the Act of 1887," the former merely changing certain requirements in respect to the bond, and the latter merely changing requirement in respect to payment of fee. Each act became, *ipso facto*, an integral part of the original Act of 1887, and, therefore, the title of the Woner Act, "amending the Act of 1887," comprehended the amendments as well as the original, gave full notice of its scope, put persons upon full notice of its contents, and was not in any sense misleading.

To hold otherwise would be extremely hypercritical, would abrogate the sound established rule that a title need not be an index, and would pervert the constitutional safeguard into a snare and a delusion. The learned counsel cites in support of his contention principally Provident Life & Trust Co. *v.* Hammond, 230 Pa. 407, and Moore *v.* Moore, 23 Pa. Superior Ct. 73; but in the former it was impossible to tell from the title what act or section of the act was cited for amendment, and in the latter the title, by expressing only a part of the purpose contemplated by the amendment, was positively misleading. Neither of these cases, nor any others cited, nor any that we can find, furnish authority for the proposition that an amending act is void because its title fails to specify the intermediate amendments affected.

Furthermore, conceding that the act would be unconstitutional *pro tanto*, leaving the intermediate amendments unaffected, such partial unconstitutionality would not invalidate the severable, self-sustaining remainder of the act which confirms our power to grant licenses.

2. It is also claimed that the Woner Act violates section 6, art. III, of the Constitution, in undertaking, in section 1 of the act, to incorporate the congressional definition of intoxicating liquors by reference to title only and not by re-enactment at length, viz.:

"That the phrase 'vinous, spirituous, malt or brewed liquors' and the word 'liquors,' as used in this act, shall mean vinous, spirituous, malt or brewed liquors, fit for beverage purposes, other than such as are from time to time determined and found to be intoxicating by Act of Congress passed pursuant to, and in the enforcement of, the Constitution of the United States of America.

"The phrase 'intoxicating liquors' shall mean anything found and determined from time to time to be intoxicating by Act of Congress passed pur-
2 D. & C.

suant to, and in the enforcement of, the Constitution of the United States of America."

We observe, however, in the first place, that the Woner Act does not incorporate by reference to title, but only by reference to subject, for the title of the congressional Volstead Act of enforcement is "An act to prohibit intoxicating beverages, and to regulate the manufacture, production, use and sale of high-proof spirits for other than beverage purposes, and to insure an ample supply of alcohol and promote its use in scientific research and in the development of fuel, dye and other lawful industries," abbreviated for citation to "National Prohibition Act."

In this respect the case at bar differs radically from the case of Com. v. Dougherty, 39 Pa. Superior Ct. 338, confidently cited by counsel as decisive, in which the provisions of the "Food and Drug Act" of June 30, 1906, 34 Stat. at L. 768, were incorporated by such reference merely, and this was condemned as unconstitutional.

We also observe that the State Legislature has no power to re-enact what Congress within its exclusive power has enacted, and, therefore, the State Constitution should not be construed to require an impossible thing.

The provision in the Woner Act is the equivalent of saying "found to be intoxicating by Act of Congress from time to time under the 18th Amendment."

If, as counsel contends, the provisions of the Volstead Act must be re-enacted at length, the State power of concurrent enforcement stipulated in the 18th Amendment would be largely nullified; for any congressional change in the definition by increase or decrease of the alcoholic percentage would, *ipso facto*, abrogate the State law until another could be enacted in the biennial session of the legislature. Such an absurdity is rationally and constitutionally avoided by reference to the Federal definition, whatever it may be at any time, present or future. The reference in the Woner Act to the Act of Congress, indeed, is surplusage, for it would have been sufficient to say "intoxicating liquors" without anything else, since the law now only recognizes one kind of intoxicating liquors, namely, that which Congress may at any time or from time to time declare such. The Woner Act in effect merely says, "whoever sells an intoxicating beverage at all, or even a non-intoxicating beverage, without a license shall be punished;" a self-sustaining, complete, intelligible and efficacious enactment without any taint of invalidity. A bead-roll of decisions, appellate and other, in Pennsylvania might be cited, if necessary, for the proposition that "the Constitution does not make the obviously impracticable requirement that every act shall recite all other acts that its operation may incidentally affect, either by way of repeal, modification, extension or supply:" Stuart's Appeal, 163 Pa. 210; Pittsburgh's Appeal, 191 Pa. 290; Smith v. Browne, 206 Pa. 543, and others cited in 2 Vale's Digest, 3383, *et seq.* Section 1 of the Woner Act makes no change in the existing law; its reference to the Act of Congress might have been omitted, and, as said by the Supreme Court in Knisely v. Cotterel, 196 Pa. 614, 635: "No act can be rendered unconstitutional by a section which makes no change whatever in the law as it was before, and which might have been omitted without any effect whatever."

Finally, we suggest on this branch of the argument, although we would not rely upon the suggestion, that the conclusion of unconstitutionality cannot at least be pronounced indubitable, that the conclusion requires support from learned and laborious reasoning, that it is seriously debatable and encompassed with doubt which would lead jurists to diverge in opinion, and that on

principle, as expressly laid down in numerous decisions, a doubt concerning constitutionality must be resolved in favor of the legislative enactment.

## II.

The Act of 1887 is claimed to be repealed, or at least rendered ineffective, as authority for granting licenses, on the argument that, inasmuch as the court has no power to grant licenses for any vinous, spirituous, malt or brewed liquors of intoxicating strength, it has no power, under the Act of 1887, to grant licenses for such liquors of non-intoxicating strength, because that act has been construed to exclude judicial power to impose any restrictions upon the licensee not imposed by the act itself. In other words, it is claimed that we had power under that act only to grant unrestricted licenses, which power by Federal law has been abrogated. In principal support of this conclusion, Com. v. Spence, 230 Pa. 571, is cited with a cluster of co-ordinate decisions.

But the radical and unanswerable point of distinction between the principle of those decisions and the principle in question here is that they involved restrictions not imposed or authorized by the law, judicial legislation, while here the contrary is true. Prior to the Federal Prohibition Law, the Act of 1887 permitted licenses "for vinous, spirituous, malt or brewed liquors" of any alcoholic percentage, but that law now imposes a restriction, so that a license for such liquors under the Act of 1887 would, *ipso facto*, carry the restriction without being expressed at all by the court. The licensee must be presumed to apply with the restriction in mind, and to pay with full knowledge of the restricted right conferred by the license. If the restriction, instead of being imposed by the Federal law, were imposed by State law subsequent to the Act of 1887, and not amending the latter or referring thereto, but simply defining what should be thenceforth regarded as vinous, spirituous, malt or brewed liquors, the matter would be very plain, and we think it is not made less so, on principle, by derivation of the restriction from Federal law. No law can be held repealed by later law if the two, or so far as the two can, harmoniously operate at the same time; and such is the unquestionable relation of the Brooks Law to the Volstead Act.

This we conceive to be the principle underlying the decision in Com. v. Vigliotti, 75 Pa. Superior Ct. 366, as affirmed by the Supreme Court in 271 Pa. 10. It is true that the case directly involved only the criminal liability, under the Act of 1887, of one selling a beverage intoxicating on the congressional definition without a license, and did not directly involve the power of the court to grant licenses for sale of beverages non-intoxicating on the same definition; but it is a mental impossibility to reconcile a denial of such power with the reasoning of those appellate decisions, particularly with the conclusions stated by the Superior Court through Judge Henderson, on page 377, and the discussion employed by the Supreme Court through Chief Justice Moschzisker, on page 16 of the respective reports.

Then we confess our inability to understand—if the power to grant had been abrogated—why the Cambria County Liquor Licenses, 78 Pa. Superior Ct. 28, should have been so laboriously refused on the ground of no necessity by the lower court, March 7, 1921, affirmed by the Superior Court Dec. 12, 1921, and why the Cambria County Brewers' Licenses, 78 Pa. Superior Ct. 40, after being refused on ground of no necessity by the lower court, May 3, 1921, should, on reversal by the Superior Court, Dec. 12, 1921, have been held grantable.

2 D. & C.

To be sure, the direct question was not raised in these cases, but when astute lawyers and learned courts fail to raise a question of this character, it is fair to conclude that the matter is scarcely questionable.

Finally, with the foregoing reflections we couple the expression of our inability to perceive what possible good can come to anybody from the pious contention that we have no power to grant licenses for non-intoxicating liquors. If this contention be correct, anybody, anywhere, any time, to anybody, in public place or in private place, may freely sell such liquors without a license, and the public would lose much needed revenue without a particle of compensating advantage legally, socially, ethically, religiously or industrially. This expression of our views will serve as our courteous response to numerous communications from lofty ethical sources protesting against our defiance of the Federal Constitution; and we do hereby most respectfully certify our unbroken allegiance thereto.

One member of the court dissents *sec. reg.* from our conclusions on both of the main points involved; another member is of the opinion that section 1 of the Woner Act is unconstitutional, but that the remainder of the act is self-sustaining and operative; wherefore we decide by a majority of four to one that we have power to grant licenses under the Brooks Act of 1887, as amended by the Woner Act of 1921, for non-intoxicating beverages as defined by Act of Congress.　　　　From F. P. Slattery, Wilkes-Barre, Pa.

NOTE.—See Susquehanna County Liquor Licenses, 1 D. & C. 357; Com. *v.* Lichter, 1 D. & C. 709.