The opinion of the court was delivered by
Gibson, C. J.
The recognizance is undoubtedly bad: but the question is, whether the appellee has pursued the proper course. Great hardship has, I fear, been suffered in consequence of the strictness with which these matters have been considered in this court. When bail has been defectively given within the period prescribed, there can be neither injustice nor hardship in suffering the appellant to perfect it as soon as the defect is discovered. Such a practice would be in analogy to bail at the common law. On the other hand, if a defect in the recognizance were irreparable, the appeal would be lost, and a great constitutional right frustrated. Such a mischief would be intolerable; and the more so as it is found to be of daily occurrence. Justices of the peace manifest such a remarkable inaptitude in this particular, as almost to warrant a suspicion that these defects frequently happen by design. I admit that we have often turned an appellant outof court on an exception *350 like this: and were not the mischief become insufferable from the frequency of its recurrence, I would be sorry at so late an hour to adopt a new course; but in cases of this sort where the recurrence of the mischief may be prevented without disturbing what has already been done, the rule of stare decisis must yield to the justice and policy of a new practice. The proper course, therefore, will be to call on the appellant by a rule to perfect his bail within a specified period, or in default of it, to have his appeal quashed, and such ought to have been the course here. The judgment is, therefore, reversed with directions to reinstate the appeal, but leaving the appellee to the remedy which has just been indicated.
Judgment reversed.