## Bream *against* Spangler.

Upon a motion to quash an appeal from the judgment of a justice of the peace on the ground of a defective recognizance, the appellant should be permitted to amend it, and thus perfect the appeal.

ERROR to the Common Pleas of *Adams* county.

Henry Spangler against Joseph Bream and others. Appeal by defendants from the judgment of a justice of the peace entered to August Term 1840, when Mr Reed appeared for the defendants.

1840, September 9th, at an adjourned court. Rule at the instance of the plaintiff to show cause why this appeal should not be stricken off. Returnable at November Term.

The ground of the motion to strike off the appeal was, that Thomas M'Creary, Esq., who was the justice before whom the cause was tried, was the surety in the recognizance of defendants to prosecute the appeal, &c.

When the case came up for hearing before the court, on the rule to show cause, the defendants made the following proposition in writing, which at their request was ordered to be filed by the court.

" 26th November 1840, the defendants now in open court, offer to give any recognizance *instanter* which the court may require : sureties now present : and they resist the dismissal of the appeal. They also object that by the delay to make the motion, they have incurred costs. Also, that the recognizance is valid as it stands."

It was admitted that Thomas M'Creary, the surety in the recognizance, was the justice, &c.

The court made the rule absolute, and so struck off the appeal.

Errors assigned :

1. The court erred in refusing to take a new recognizance if they deemed the one before taken to be defective.

2. They erred in adjudging the original recognizance to be defective.

3. They erred in sustaining the plaintiff's application after the term to which the appeal was entered, when the defendants had been compelled to employ counsel, as was evidenced by the appearance previously entered.

4. They erred in granting a rule in the first place to show cause why the appeal should not be stricken off. It should have been in the *alternative*, if the recognizance was not perfected.

*Reed*, for plaintiff in error, relied upon the cases in 16 *Serg. & Rawle* 349; 2 *Penn. Rep.* 431, as settling the question.

[Bream v. Spangler.]

*Cooper,* for defendant in error, cited 1*Binn.* 77; 1 *Penn. Rep.* 9.

PER CURIAM.—This is a case of clear mistake by the justice as well as the appellant; and the latter ought to have been suffered to perfect his bail on the principle of *Means* v. *Trout,* (16 *Serg. & Rawle* 349). It does not appear that the appellee was too late with his motion to quash, an adjourned court being part of the term; but it is clear that it ought not to have been granted.

Order to quash reversed, and appeal reinstated.