# Carothers *versus* Cummings.

1. J. recovered judgment before a justice May 30th against W. June 20th, W. appealed, and entered the appeal in court September 4th. January 26th, W. entered a non pros.: under the rules of court for want of a declaration, February 13th, J. moved to quash the appeal, which the court refused. *Held* to be error.

2. The appeal was entered out of time, and J. had done nothing to waive the laches of W.

3. If J. had done anything toward getting the case ready for trial it would have waived the laches.

4. Some *act* construable into a waiver of the irregularity was necessary to cure it.

5. The appellant was presumed to know that he was not in time in taking the appeal.

6. At the time of the non pros. the case was not in court so as to enable the defendant to claim a non pros.

7. Reversing the order of non pros. will leave the case to go on in the court below to trial and final judgment unless the court below should quash the appeal, as matters not appearing on the record may exist to make the appeal good.

November 10th 1869.  Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Allegheny county :* No. 80, to October and November Term 1869.

James Carothers brought suit before a justice of the peace against Washington Cummings and Mary Cummings, and obtained judgment on the 30th of May 1868.  On the 20th of June the defendants took an appeal from the judgment, and on the 4th of September, filed the appeal in the Court of Common Pleas of Allegheny county.

One of the rules of that court is, "that if a declaration be not filed within three months, or if the cause be not put at issue within six months of the return day of the writ, judgment of *non pros.* shall be entered by the prothonotary.  The same rule shall apply to appeals from judgments of justices, the time to be computed from the last day for filing the appeals."

On the 26th of January 1869, by direction of the attorney of the defendant, judgment of *non pros. sec. reg.* was entered.  On the 13th of February the plaintiff obtained a rule, &c. "to quash this appeal and strike the case from the record, because the court had no jurisdiction—no appeal having been entered within the time limited by law."  The court discharged the rule.  To this order the plaintiff took a writ of error.

*J. Mellon,* for plaintiff in error.—The appeal was out of time : Act of March 20th 1810, § 4, 5 Sm. Laws 163, Purd. 596, pl. 48 ; Browne *v.* Browne, 3 S. & R. 494 ; Thomas *v.* Premium L. Assn. 3 Phila. R. 425 ; Cromelien *v.* Brink, 5 Casey 524 ; Morrison *v.* Weaver, 4 S. & R. 190.  The plaintiff did nothing to waive his right to take advantage of the defect in the appeal.

*R. S. Woods,* for defendants in error.

The opinion of the court was delivered, January 3d 1870, by

Thompson, J.—This was a case which originated before a justice of the peace, and presents rather novel features here.  The plaintiff obtained a judgment against the defendant before the justice for $98 on the 30th of May 1868, in the absence of the defendant, but of which he was duly notified.  On the 20th of June the defendant appealed, and entered up his appeal on the 4th of September thereafter.  By the well settled rule of computation of time in such cases, the appeal was not taken in time ; more than 20 days having elapsed after the day on which the

[Carothers *v.* Cummings.]

judgment was entered by the justice, before bail was entered and appeal taken, the appeal being entered on the records of the Common Pleas, the defendant by counsel, on the 20th day of January 1869, *non prossed* the plaintiff *sec. reg.* for want of a *narr.* the rule of court authorizing it, if a *narr.* were not filed within three months after appeal filed. On the 13th of February 1869, the plaintiff moved the court to quash the appeal, as taken out in time, and consequently, not within the jurisdiction of the court. This the court refused, and this writ of error is taken to the judgment of *non pros.* entered under the rule.

If the plaintiff had done anything in the case after the entry of the appeal, towards getting it ready for trial, we have no doubt this would have waived the laches in taking the appeal: Sleck *v.* King, 3 Barr 211; Marks *v.* Sweringen, Id. 454; Hoffman *v.* Dawson, 1 Jones 280; and after that the defendant might have claimed a *non pros.* for want of a *narr.* But the plaintiff did nothing—not even appearing by attorney; in point of fact, may not have known of the appeal, although there might possibly arise a presumption to the contrary. But this is not enough under the ruling referred to; some act construable into a waiver of the irregularity was necessary in order to cure it. There was nothing of this.

The appellant was bound to know the time allowed for an appeal, and he must be presumed to have known he was not in time in taking it. The case, as it stood at the time of the *non pros.* entered, was not in court, so as to enable him to claim a judgment of *non pros.* against the plaintiff. Had the defendant taken a rule to show cause, or in some other way given him legal notice of an intention to move as he did, and the plaintiff had met him on the rule, and had not claimed to quash the appeal, he might possibly have been in a position to take all legal advantages of a party regularly in court; but without something of this kind, or some act of waiver on part of the plaintiff, such as has been suggested, we think his judgment of *non pros.* was not valid, and we think it should be reversed. This will leave the case in court, and, unless the court shall reconsider it, its decision on the motion to quash the case must go on to trial and to final judgment, when the failure to quash can be taken advantage of there. We do not mean to decide that the appeal is not good—matters of which we have no knowledge may possibly exist to render it good.—We speak only by the record; as that stands, the case was not in a situation to authorize the defendant to enter the *non pros.* according to rule as was done.

The judgment of *non pros.* is reversed and ordered to be stricken off, and the case to stand to be proceeded in as if no such entry had been made.

[Carothers *v.* Cummings.]

AGNEW, J.—This case was referred to me for a re-examination. I think the opinion of the Chief Justice is right. The appeal being out of time, the plaintiff was not brought into court legally. He did not come in voluntarily so as to waive the defect in the defendant's appeal. Not being in court by any act of his own or of law, the defendant could not proceed against him until he had established his right to appeal by a rule granted by the court to allow the appeal for some good reason, though apparently out of time. The defendant, therefore, without a direct proceeding to call the plaintiff into court, could not proceed under the general rule of the court, made to *non pros.* a party regularly in court for want of a *narr.* The *non pros.* was consequently irregular, and must be reversed.