SAMUEL CUPPLES WOODENWARE COMPANY, Appellant, v. DREYFUS & JONES, Respondents.

Kansas City Court of Appeals, November 9, 1903.

1. **Accord and Satisfaction:** FORBEARANCE. An agreement to forbear the collection of a debt is different from an accord and satisfaction, and the former may defeat an action where the latter would not.

2. **Forbearance:** CONSIDERATION. By forbearance the creditor is delayed and debtor benefited, and both are ordinary grounds upon which a valuable consideration may rest; and an agreement to forbear is sufficient consideration for the promise to pay a debt, or to do any other act.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Karnes, New & Krauthoff* for appellant.

(1) Accord without satisfaction does not bar action on debt. Barton Bros. v. Hunter, 59 Mo. App. 610; Giboney v. Ins. Co., 48 Mo. App. 185; Goff v.

Mulholland, 28 Mo. 397; 1 Ency. of Law and Proc., 313, et seq.; 1 Cent. Dig., col. 515, et seq. (2) Creditor may repudiate accord. Accord is a mere offer which may be withdrawn by creditor. This is expressly so ruled in Giboney v. Ins. Co., 48 Mo. App. 185, 191. (3) Plaintiff did not accept the money in satisfaction of the debt sued on. 1 Ency. of Pl. and Pr., 77; Drake v. Mitchell, 3 East. 256; Paine v. Masters, 1 Stra. 573; Young v. Jones, 64 Me. 563; Johnson v. Hunt, 81 Ky. 321; Shaw v. Burton, 5 Mo. 478; State Bank v. Littlejohn, 1 Der. & B. (N. Car.) 563; Hearn v. Kiehl, 38 Pa. St. 147; Morris Canal etc., Co. v. Vab Vorst, 21 N. J. L. 100; Wilkerson v. Bruce, 37 Mo. App. 156; Bird v. Carital, 2 Johns. 342; May v. Gamble, 14 Fla. 467; Ins. Co. v. Ins. Co., 1 Cler. Rep. (Ohio) 81; German Bank v. Mulhall, 8 Mo. App. 558; Van Housen v. Broehl, 78 N. W. 624; Detroit Fire, etc. Ins. Co., 1 Clev. Law. Rep. 81, 4 Ohio Dec. 158; Gowing v. Thomas, 67 N. W. 399, 40 Atl. 184; Elkan v. Hitchcock (36 N. Y. Supp. 788); Levenson v. Pub. Co., (62 N. Y. Supp. 472). First National Bank v. Leech, 94 Fed. 310.

*J. H. Harzfeld* and *Ringolsky & Ringolsky* for respondent.

(1) The agreement plaintiff made with I. J. Ringolsky is a covenant not to sue, an agreement to forbear, and not an accord and satisfaction. Glasscock v. Glasscock, 66 Mo. 627. (2) Cupples has a claim against Dreyfus, but has agreed not to enforce it and has covenanted not to sue on it. Their claim is in much the same condition as if a right to recover on it was barred by the statute of limitations. They, by contract, relinquished the right to enforce the debt due them, and the consideration for this contract was the payment by Mrs. Gumble of thirty-seven and one-half per cent of their claim in cash. Glover v. Cheatham, 19 Mo. App. 656. (3) Plaintiff can not claim and retain the benefits of

the contract made by its fraud or through mutual mistake and at the same time repudiate its binding force. Leeson v. Anderson, 58 N. W. 72; Pongblom v. Ins. Co., 57 Mich. 683; Evans v. Gale, 17 N. H. 573.

BROADDUS, J.—This suit is for an alleged balance due on account. It was begun before a justice of the peace where it was tried and appeal taken to the circuit court, where it was tried anew, the finding and judgment being for defendants, from which plaintiff appealed.

It appeared from the evidence that in February, 1901, defendants were financially embarrassed and contemplated taking the benefit of the National Bankruptcy Act, but concluded, however, in the end to compound their indebtedness with their creditors and succeeded in so doing with almost all of them by paying them at the rate of thirty-seven and one-half cents for each dollar they owed said creditors. It was understood that each creditor so compounding his claim against defendants upon receipt of the agreed sum also agreed to forego the residue of his claim, and that he would not in the future attempt to enforce its collection by suit. The plaintiff was a creditor of defendant in the sum of $352.25. And there was evidence tending to show that plaintiff agreed to the arrangement stated; also, evidence to the contrary.

Mr. I. J. Ringolsky, defendant's attorney, testified that on February 26, 1901, he had an interview in St. Louis, where plaintiff company was doing business, said interview being with Mr. Kerr, its credit man and agent, in which Kerr agreed that if a Mrs. Gumble would make a draft in favor of plaintiff for the amount of its claim at the compounded rate of thirty-seven and one-half cents aforesaid, and that if he would write a letter to said Ringolsky to that effect, that he would credit the account of defendants with the draft and that they could pay the

balance at such time as they found it convenient to do so, and plaintiff would never take the initiative to enforce collection of the balance of its claim. On the other side, Mr. Kerr testified that plaintiff agreed to accept the thirty-seven and one-half per cent as part payment on its claim against defendants and to close the balance in a way that would suit the debtor's convenience within any reasonable time.

It is necessary here to state that Mrs. Gumble, hereinbefore referred to, was a near relative of one of the defendant firm and was advancing the money for the defendants in their settlements with creditors, and taking assignments of claims paid by her.

It was shown that the witness, Ringolsky, did not return to Kansas City, where he resided, after his interview with Mr. Kerr until after first visiting Hartford, Conn. On February 27, and before Mr. Ringolsky's return to Kansas City, Mr. Kerr wrote to him from St. Louis to Kansas City the following: "Dear Sir: In compliance with your request, beg to advise in the matter of our claim agent A. H. Dreyfus & Co., we will be willing to accept the thirty-seven and one-half per cent as part payment on our claim against A. H. Dreyfus & Co., and close the balance up in the way that will suit the debtor's convenience within any reasonable time. Yours truly, Samuel Cupples W. W. Co.'' It seems that this letter was received by M. F. Ringolsky, who on the 28th of February wrote Mr. Kerr substantially that he knew nothing of the business; that I. J. Ringolsky was away and that when he returned he would give the matter attention.

On February 26th I. J. Ringolsky, prior to his departure for Hartford, wrote at and from St. Louis, Missouri, a letter to defendants stating among other matters that he had settled with plaintiff and that Mr. Kerr had agreed to take at the rate of thirty-seven and one-half cents on the dollar of plaintiff's claim which he would credit on the account, and that he would write de-

fendants a letter substantially saying they could pay the balance whenever they wanted to, and that he (plaintiff) would never enforce the collection of the balance but would leave it to them to pay whenever they wanted to pay.

This letter was shown to Eugene Batavia, son-in-law of Mrs. Gumble, and her agent, who testified that he went with this letter to Mr. New, of the law firm of Karnes, New & Krauthoff, showed the letter to him, and paid him by check, in behalf of Mrs. Gumble, thirty-seven and one-half per cent of plaintiff's claim. He testified that Mr. New told him he would not assign the account; that he told Mr. New that, "the matter had been settled by Mr. Ringolsky with Cupples' personal representative by which they are to take thirty-seven and one-half cents on the dollar from Mrs. Gumble, and in regard to the balance, Cupples & Co. were to send to Ringolsky, or Dreyfus & Co., a letter in which they were to state that they would never enforce the collection of the balance." That Mr. New said: "Well, whatever Ringolsky done down there I presume is all right. I will take the thirty-seven and a half and give you a receipt for it;" but that he declined to assign the account to Mrs. Gumble. Plaintiff gave credit on its account for the per cent paid and within a short time brought this suit for the balance.

The cause was tried before the court sitting as a jury. The plaintiff asked several instructions all of which were given except numbers four and five. As number five refers to the form of a verdict, its refusal has no significance. Number four is to the effect that plaintiff is entitled to recover "notwithstanding the jury [court] may find from the greater weight of all the credible evidence in the case that it was agreed by and between the plaintiff and Mr. I. J. Ringolsky, acting as agent and attorney for the defendants, that if defendants would pay thirty-seven and one-half cents on the dollar on plaintiff's claim against defendants, and

would never take the initiative to sue defendants, or to enforce its claim, or any part thereof against defendants and that thirty-seven and one-half cents on the dollar was paid to plaintiff and received and accepted by it, and that it has not returned or offered to return the same to defendants.''

No instructions are found in the record offered or given on the part of the defendants. The question is therefore purely one of law, as we are to infer from the verdict in favor of defendants that the arrangement claimed by defendants to have been made by its agent, Mr. Ringolsky, with Mr. Kerr, plaintiff's agent in St. Louis, was consummated when Mr. Batavia paid the thirty-seven and one-half cents on the dollar on plaintiff's claim to its attorney, Mr. New, in Kansas City, Missouri.

Plaintiff's theory is that under the law of accord and satisfaction defendant was not entitled to recover because it is agreed that plaintiff did not receive or accept the amount paid in full satisfaction of its claim. But defendants do not contend that the case is one of accord and satisfaction, but one of forbearance. If, therefore, the finding of the court can be upheld under the latter theory, the strict doctrine of accord and satisfaction does not apply. And if defendants only paid thirty-seven and one-half cents on the dollar of their indebtedness to the plaintiff on an agreement that it would forbear suit, the agreement was without consideration. Undoubtedly, an agreement of forbearance to sue can be enforced as other agreements when supported by a consideration. 1 Chitty on Contracts, 35-36; Glasscock v. Glasscock, 66 Mo. 627 Mo. 627; Clark v. Russell, 3 Pa., 213; Chiles v. Wallace, 83 Mo. 84; Bridges v. Stephens, 132 Mo. 524. In the latter case, after a review of the authorities the court held that an agreement of forbearance to sue is supported by a consideration. "By such forbearance the creditor is delayed and the debtor is or may be benefited; so that there concur both the ordinary

grounds upon which a valuable consideration may be rested." And the court emphatically disapproves of the contrary rule held in Shapley v. Abbott, 42 N. Y. 443, and Hodgdon v. Chase, 29 Maine 47, by asserting that: "On the contrary, we hold that a forbearance to sue is one of the commonest examples of valuable consideration to be found in the common law reports." See, also, Corbyn v. Brockmeyer, 84 Mo. App. 649. And, "an agreement to forbear either absolutely, or for a certain time, or for a reasonable time to institute or prosecute *legal* or *equitable* proceedings to enforce a legal or equitable demand, is a sufficient consideration for the promise of the debtor or of a third person to pay the debt or to do any other act." 1 Chitty on Contracts, pp. 35, 36.

It therefore follows that the finding of the court, under the facts, is upheld and the cause is affirmed. All concur.