# Commonwealth *v.* Crum Lynne Iron & Steel Company, Appellant.

*Practice, C. P.—Appeals—Hearing on merits—Jurisdiction.*

Apart from the question of jurisdiction, matters merely in abatement or suspension of the action, or in denial of status as a suitor, or of obligation to appear, must be presented before the cause of action, on the one hand, or the defense on the other, is introduced, and objections resting on such matters are waived by any step taken for the determination of the cause on the merits.

On an appeal from a tax assessment the plaintiff cannot object that the appeal was not taken in time, where such objection is not raised until after the plaintiff has filed a statement of claim and taken a rule for judgment for want of a sufficient affidavit of defense.

*Taxation—Mercantile tax—Manufacturers.*

A manufacturer who sells nothing but his own products, and these only at the place of manufacture, is not liable for the mercantile tax.

Argued Dec. 8, 1904.   Appeal, No. 234, Oct. T., 1903, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1900, No. 619, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth, by Clayton McMichael, Treasurer of the City of Philadelphia v. Crum Lynne Iron & Steel Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Appeal from tax assessment.

Plaintiff filed a statement claiming $53.50, being the amount assessed against the defendant for mercantile license tax, as vendor of and dealer in goods, wares and merchandise in the city and county of Philadelphia during the year 1900.

Defendant filed an affidavit of defense setting forth, that it was a manufacturer of charcoal boiler tubes, skelp and other articles of iron and steel, in the township of Ridley, county of Delaware, state of Pennsylvania; that its storehouse and warehouse were at its said manufacturing works; that all the manufacturing was done at that place, and all merchandise manufactured by it was sold and delivered from said works and storehouse, and that the defendant had no other store-

house or warehouse separate and apart from its manufactory, and no other place from which it sold its merchandise or products; and that the defendant did not deal in or vend any other goods, merchandise or articles, except those of its own manufacture.

· The plaintiff took a rule for judgment for want of a sufficient affidavit of defense.

When the rule was argued, the plaintiff asked for judgment, on the ground that the defendant's appeal was entered on July 9, 1900, which was more than ten days after the board of mercantile appraisers, upon an appeal by the defendant to the board, had ratified the assessment.

The court made the rule for judgment absolute.

*Error assigned* was the order of the court.

*Walter E. Rex*, for appellant.—Defendant is not liable for the tax: Com. v. Potter, Sons & Co., 159 Pa. 583; Com. v. Campbell, 33 Pa. 380; Norris v. Com., 27 Pa. 494; Com. v. Gormly, 173 Pa. 586.

*Ira Jewell Williams*, with him *Franklin L. Lyle* and *Hampton L. Carson*, for appellee.—Where an act of assembly provides that no defense to the merits can be made in a suit brought for a mercantile license tax unless the person assessed has taken an appeal from the decision of the board of mercantile appraisers within ten days, an affidavit of defense must affirmatively show that such an appeal was taken: Com. v. Vetterlein, 21 Pa. Superior Ct. 587.

OPINION BY SMITH, J., March 14, 1905:

It is well settled that, apart from the question of jurisdiction, matters merely in abatement or suspension of the action, or in denial of status as a suitor, or of obligation to appear, must be presented before the cause of action, on the one hand, or the defense, on the other, is introduced, and that objections resting on such matters are waived by any step taken for the determination of the cause on the merits: Jeannette Borough v. Roehme, 197 Pa. 230 ; Ins. Co. v. Storrs, 97 Pa. 354. Matters affecting the regularity of an appeal are within this rule: Wil-

son v. Kelly, 81 Pa. 411 ; D. & H. Canal Co. v. Loftus, 71 Pa. 418; Carothers v. Cummings, 63 Pa. 199; Sleck v. King, 3 Pa. 211.

It does not appear from the record before us whether the appeal was taken within the statutory period or not. But the plaintiff's subsequent action has made this wholly immaterial. For nearly a year after the appeal was entered, its regularity remained unquestioned. No separate suit was brought but the first step taken by the plaintiff was the filing of a declaration in the appeal proceeding setting forth its demand. This was a recognition of the defendant's right to trial on the merits, and called on it to reply by affidavit or in default suffer judgment. Such an affidavit having been filed, the plaintiff's next step was a rule for judgment for its insufficiency, thus submitting the cause to the judgment of the court on the matters appearing in the declaration and reply. Upon the hearing of this rule, as we gather from the argument, the plaintiff for the first time raised the question of the regularity of the appeal, alleging that it had not been entered in time; in effect denying the defendant's right to appear as a suitor and make defense. But if the appeal was too late, the objection based thereon was equally out of time. Such an irregularity, though ground for dismissing the appeal had the question been raised at the proper stage, could avail nothing after the plaintiff had brought the cause before the court for determination on the merits. This objection, indeed, does not appear to have been considered by the court below, since the judgment entered in the case was not a dismissal of the appeal, but an adjudication on the merits. As such, it was clearly erroneous.

With exceptions not material here, a mercantile license tax is not a tax on persons or on property, but on a particular method of transacting business. The method taxed is that practiced by dealers in merchandise ; and, under the mercantile tax laws, a dealer is one who buys and sells the products of others. The method pursued by the manufacturer who sells only his own products at the place of manufacture, or through a commission merchant, is not subject to the tax. The one is the method of a middleman, the other that of a producer. The distinctions growing out of acts of assembly on this subject are fully considered in Com. v. Gormly, 173 Pa. 586 ; Com. v. Potter, Sons

& Co., 159 Pa. 583, and the cases therein referred to. The matters alleged in the affidavit of defense present the defendant as a manufacturer, selling nothing but its own products, and these only at the place of manufacture. Under the mercantile tax laws, this method of selling is not taxable.

Judgment reversed and procedendo awarded.