## In re Shamokin School District

*Francis F. Reamer* and *John L. Pipa,* for rule.
*Schaffer & Schaffer,* for respondent.

CUMMINGS, J., February 22, 1943.—The report of the auditors in the case under consideration was filed in the office of the Prothonotary of Northumberland County on July 30, 1942.

On August 31, 1942, Vaughn D. Suiter filed his appeal therefrom in the office of the prothonotary. On September 14, 1942, Vaughn D. Suiter, principal, with the Fidelity & Casualty Company of New York, as surety, filed his bond dated September 12, 1942, in the sum of $500 in the office of the prothonotary. The bond was conditioned "That the appellant would prosecute the said appeal with effect, and that said appellant will indemnify and save harmless said school district from all costs that may accrue upon said appeal in case it fail to obtain a final decision more favorable to the said school district than that awarded by the auditors, in which event this obligation shall be void, or else shall continue in full force and virtue."

On October 5, 1942, F. F. Reamer and John L. Pipa, Jr., attorneys for the school district, secured a rule on Vaughn D. Suiter to show cause why the bond filed should not be stricken from the record and why the appeal should not be quashed and dismissed.

On October 16, 1942, the answer of Vaughn D. Suiter to the rule was filed. The answer, in effect, is a bill of particulars and cures the complaint of respondent to the appeal. Counsel for respondent, in their brief, allege:

"Since this petition to quash the appeal was filed, the appellant, Vaughn D. Suiter, filed a more detailed statement of exceptions, by reason of which the school district will now confine its argument solely to the adequacy of the bond."

Therefore, the court will consider only the exceptions to the bond, which are:

"1. Said' alleged bond is a cancellation of itself, in that it provides that if there is a failure to obtain a more favorable decision than that c warded by the auditors, then the obligation is void. The provision for the filing of bonds makes mandatory, under such circumstances, upon failure of appeal, to have the bond in full force and effect, not void. Therefore, said bond is no bond at all.

"2. Said alleged bond was not presented to the court for approval, nor was the sufficiency of the principal or surety passed upon by any person authorized so to do.

"3. No provision is made to indemnify or save harmless the individual school directors of the School District of Shamokin Borough, who are attempted to be surcharged by appellant in his said appeal.

"4. Appellant, being a member of the school board of the School District of Shamokin Borough, and himself being subject to surcharge, if any is to be made, failed to file a bond by a principal other than himself, indemnifying and saving harmless the School District of Shamokin Borough, for any act of commission or omission by the said appellant, Vaughn D. Suiter. The alleged bond, as filed, with himself as principal, is no bond whatsoever as to himself."

It is plain that the bond filed is not in conformity with the requirements of the act of assembly, either in form or substance. The only real cause of complaint being a defective bond, the question for our determination is: Shall the appeal be stricken off, or shall leave be granted to perfect the bond? We are of the opinion the latter course should be pursued: Hummer v. The Ephrata School District, 10 Phila. 494.

In Means v. Trout, 16 S. & R. 349, Gibson, C. J., says:

"The recognizance is undoubtedly bad: but the question is, whether the appellee has pursued the proper course. Great hardship has, I fear, been suffered in consequence of the strictness with which these matters have been considered in this court. When bail has been

defectively given within the period prescribed, there can be neither injustice nor hardship in suffering the appellant to perfect it as soon as the defect is discovered. Such a practice would be in analogy to bail at the common law. On the other hand, if a defect in the recognizance were irreparable, the appeal would be lost, and a great constitutional right frustrated. Such a mischief would be intolerable. . . . The proper course, therefore, will be to call on the appellant by a rule to perfect his bail within a specified period, or in default of it, to have his appeal quashed . . ."

See also Bream v. Spangler, 1 W. & S. 378.

We quote with approval the case of Lower Allen Township ex rel. v. Township Supervisors, 21 D. & C. 40, wherein Judge Reese, in passing upon a petition to quash appeals from the settlement of township supervisors' accounts, on account of defective recognizances, said (p. 41):

"Considering the second ground for the motions to quash, we find that section 554 of the Act of 1933, supra, provides, 'No appeal by a taxpayer . . . shall be allowed unless the appellant shall enter into recognizance to prosecute the same with effect . . .'

"The foregoing section is a reënactment of earlier legislation covering the same subject matter. Therefore, the decisions of the courts construing the earlier legislation may be readily accepted as authorities in construing the present legislation. Under the earlier legislation, it was held that an appeal without a recognizance was a nullity and that failure to file a recognizance within the 30 days was fatal: McCready et al. v. McGovern et al., 1 Kulp 474; Bailer's Appeal, 18 Lacka. 321. It has also been held that, if an appeal is taken in good faith within the time prescribed by law, and within that period a defective recognizance, or a bond instead of a recognizance, is filed, the appeal will not be quashed or set aside in the first instance, but leave may be granted to amend the recognizance within

the designated time: Speicher v. Clifton Township, 1 Kulp 465; Jefferson Township v. Enders, 33 Pa. C. C. 405; Brackbill et al. v. Strasburg Township Supervisors, 16 Dist. R. 1009; Crise's Appeal, 4 Westm. 181. In Crise's Appeal, supra, an appeal was taken by taxpayers from the settlement by the auditors of the accounts of the supervisors. Within the 30-day period a bond was filed instead of a formal recognizance. The court, on a motion to quash the appeal, allowed the appellants to perfect their appeal and to enter into a recognizance as required by the statute. In Brackbill et al. v. Strasburg Township Supervisors, supra, under exactly the same facts, the court refused to quash the appeal, but permitted the appellants to perfect their appeal by filing a formal recognizance. In Jefferson Township v. Enders, supra, the taxpayers filed an appeal from the settlement by the auditors of the accounts of the supervisors, and with the appeal filed a bond in the exact terms of the recognizance required by the legislation then in force. The court said: 'We are asked to quash the appeal because they did not enter into a recognizance. This we must decline to do. As far as accomplishing the purpose for which the recognizance is required, the bond is equally effective with the recognizance. The appellants have, therefore, complied with the law in substance, though not in form. But the acts of assembly require the security to be in the form of a recognizance. There can be no injustice in affording the appellants an opportunity to perfect their appeal by entering into a recognizance. This, we think, is the proper practice, rather than to quash the appeal in the first instance.'

"We see no good reason for refusing to follow the well-considered conclusions of the cases cited, in each of which the facts were identical with those in the appeals before us. We find particularly applicable the following language in Womelsdorf v. Heifner, 104 Pa. 1, 4: 'The law favors the right of appeal. . . . Where

an appeal has been taken in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal. So where a recognizance is defective, it is usual to allow it to be perfected where it produces no delay and does the other side no injury. The books are full of such cases.' "

Considering the second, third, and fourth grounds, we find the Act of May 18, 1911, P. L. 309, as amended by the Act of May 27, 1937, P. L. 908, sec. 2626, does not require that the bond be presented to the court for approval, nor that the sufficiency of the principal and surety be passed upon by any officer. The act provides:

"Any taxpayer taking an appeal shall file in said court of common pleas a bond, with one or more sufficient sureties, conditioned . . ."

The bond in this case was filed with the prothonotary.

"Filing with the prothonotary was filing with the court. He is its appropriate officer": Unangst's Appeal, 333 Pa. 489, 496.

Neither does the Act of 1937, supra, provide that a bond be filed, indemnifying individual school directors, nor that a bond be filed by a principal other than the appellant. The conditions of the bond to be filed in all cases are specifically provided for in the act and none other than such as there provided is required.

The appeal in this case, so far as the record shows, was taken in good faith and within the time prescribed by the act of assembly. While the bond is defective, neither delay nor injury will result to respondent in allowing the bond filed to be perfected.

And now, to wit, February 22, 1943, the rule granted in this case, to show cause why the bond filed in support of the appeal should not be stricken from the record and why the appeal should not be quashed and dismissed, is dissolved. Appellant is given 10 days within which to perfect his appeal bond by filing a new bond

in the sum of $500 with the same surety, The Fidelity & Casualty Company of New York, conditioned as provided by section 2626 of the Act of May 27, 1937, P. L. 908; relator or appellee to file its answer to the merits within 20 days after notice given it by appellant of the filing with the prothonotary of the bond here ordered.